## Richmond.

### W. FRANK BARNARD V. ALICE SMITH BARNARD.

March 16, 1922.

Absent, West, J.

1. APPEAL AND ERROR—*Divorce Suits—Witnesses Heard Orally—Section 5109 of the Code of 1919.*—The Act of 1914, p. 154, permitting the trial court to take oral testimony in divorce suits, provided that the cause on appeal should be heard as other chancery causes and not as on a demurrer to evidence, and although the phraseology of section 5109 of the Code of 1919 differs from that of the act, it is fairly plain that the revisors did not intend any substantial change in this respect, and other sections of the chapter on divorce clearly negative the idea that a suit for divorce could ever be heard "as on demurrer to the evidence."

2. APPEAL AND ERROR—*Weight Attached to the Finding of the Tribunal Charged with Weighing Oral Testimony—Whether a Commissioner in Chancery, a Jury, or a Court.*—When all of the evidence in a chancery cause, as well as the pleadings, have been reduced to writing, and the trial court has nothing before it but the written record, including the evidence prepared by others, it has little, if any, advantage over the appellate court in determining the right of the cause. But the case is entirely different where the trial court has the witnesses before it and can observe their demeanor on the stand, and great weight has always been attached to the finding of the tribunal charged with weighing such evidence, whether it be a commissioner in chancery, a jury, or a court.

3. APPEAL AND ERROR—*Weight Attached to Commissioner's Report.*—Though less weight is given to the findings of a commissioner in chancery than to those of a jury or a court, nevertheless, when the commissioner has seen and examined the witnesses, and the testimony is conflicting, and his conclusions are clearly supported by competent and unimpeached witnesses, the court will not set aside or disturb his report, unless the weight of the testimony which is contrary to his conclusions is such, on account of the number of the witnesses and the nature of

their evidence, as to make it clear that the commissioner has erred.

4. DIVORCE—*Chancery Suit—Demurrer to the Evidence.*—The suit for divorce is a chancery suit where the court decides both the law and the facts, and no jury is needed, and where there is no jury there can be no demurrer to the evidence.

5. DIVORCE—*Demurrer to the Evidence.*—There can be no demurrer to the evidence, nor hearing of a case as on a demurrer to the evidence in a suit for divorce because the concessions required in such case are forbidden by section 5106 of the Code of 1919, which has been the fixed policy of this State for over three-quarters of a century, Code 1849, ch. 109, section 9.

6. APPEAL AND ERROR—*Divorce—Weight Given to Decree of Trial Court Where Witnesses Testified Orally in Open Court.*—Where in a suit for divorce the trial court, under section 5109 of the Code of 1919, required the testimony to be given orally in open court, the decree of the trial court upon appeal is entitled to at least the same weight as the report of a commissioner in chancery, upon conflicting testimony, who saw and heard the witnesses testify, and whose report is supported by competent evidence and approved by the trial court.

7. DIVORCE—*Appeal—Evidence to Support Finding of Lower Court.*—In the instant case, a suit for divorce, the evidence, while conflicting, was abundant to support the decree of the trial court, and its findings, therefore, were affirmed.

8. ALIMONY—*Amount—Sufficiency.*—An allowance to a wife of $100 a month for the support of herself and child on a divorce from bed and board held sufficient, where the husband was a young lawyer with no fixed income, but a practice of variable value.

9. ALIMONY—*Sufficiency—Wife's Earning Capacity.*—In fixing alimony it must be borne in mind that under modern conditions there is open to the wife practically every avenue for making money that is open to her husband; and that by the decree of the court she is released from her household duties, and she has no right to remain idle at the expense of her former husband, although it was through his fault that she was compelled to ask that the contract of marriage be rescinded.

10. DIVORCE—*Custody of Children—Welfare of Child.*—Upon a divorce at the suit of the wife, if the record discloses that the custody of the father is as suitable and proper as that of the mother, there is no error in assigning to the father the custody of the child each alternate week, where the case is retained on the docket and the decree as to the custody may be changed at any time.

11. DIVORCE—*Custody of Child—General Rule.*—The only general rule that can be announced is that the welfare of the child is

the primary matter for consideration, and that this rule is to be administered with as much consideration for the tender ties of affection of the parents as possible under the circumstances. When that appears from the record to have been done by the trial court, the Supreme Court of Appeals will not hunt for any other reason to affirm its decree.

12.  DIVORCE—*Appeal*—*Costs.*—Upon the affirmance of a decree for divorce *a mensa* in favor of the wife, the Supreme Court of Appeals will grant the appellee the clerical expense of the preparation and printing of her brief, and a reasonable fee to her counsel.

Appeal from a decree of the Circuit Court of Norfolk county. Decree for plaintiff. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Williams, Loyall & Tunstall,* for the appellant.

*E. R. F. Wells,* for the appellee.

BURKS, J., delivered the opinion of the court.

Alice Smith Barnard brought a suit for a divorce from bed and board against her husband, W. Frank Barnard, on the ground of cruelty, reasonable apprehension of bodily harm and constructive desertion. The bill also prayed for the custody of their child—a boy about five years of age—for suit money and for alimony. The defendant answered the bill, denying specifically every allegation thereof, and further charging his wife with various acts of incontinence and with conduct on her part entitling him to a divorce from the bond of matrimony. He prayed that his answer, in so far as it charged his wife with incontinence and misconduct, be treated as a cross bill, and it was so treated, and the wife answered the same, denying specifically every allegation thereof. On the motion of the complainant (Mrs.

Barnard) and with the consent of the defendant, the trial court ordered that the testimony in the cause (except that of certain witnesses beyond the jurisdiction of the court) be given orally in open court, and a day fixed for the hearing. The testimony was subsequently so taken and forty-four witnesses were examined in open court, and five, who were nonresidents, testified by depositions, after due notice. On October 23, 1920, the trial court entered a decree dismissing the defendant's cross bill and granting to the complainant ( Mrs. Barnard) a divorce from bed and board on the grounds stated in her bill. Costs were awarded to Mrs. Barnard, and she was given a decree against her husband for $100.00 a month for the support and maintenance of herself and of her child while the latter is in her custody, and the custody of the child was awarded to each of the parents for one week at a time, alternate weeks. The cause was retained on the docket until the further order of the court. From this decree the defendant, W. Frank Barnard, was awarded an appeal.

[1-3] The testimony in the case is of the most conflicting nature. There is hardly a material fact in the case upon which the testimony on the two sides is in harmony. It is necessary, therefore, in the outset to determine what weight is to be given to the decree of the trial court which heard the parties and most of their witnesses testify orally in open court. We have no interpretation of our statute on the subject. Section 5109 of the Code is as follows:

"In any suit for divorce, the trial court may require the whole or any part of the testimony to be given orally in open court, and if either party desires it, such testimony and the rulings of the court on the exceptions thereto, if any, shall be reduced to writing, and the judge shall certify that such evidence was given before him and such rulings made. When so certified, the same shall stand on the same footing as a deposition regularly taken in the cause."

This section is taken from Acts of 1914, page 154, which is as follows:

"In all divorce cases pending at the time this law goes into effect, or thereafter instituted, it shall be within the discretion of the court to require the testimony, or any part of it, to be delivered *ore tenus* in open court, and the testimony so delivered, together with exceptions taken to the ruling of the court on questions of evidence, together with the evidence taken in the cause, shall be preserved and put into the record of the cause for the purpose of an appeal, and the cause on appeal shall be heard as other chancery causes, and not as on a demurrer to evidence, and within the same time as now provided by law."

There is no revisor's note to section 5109 indicating what, if any, change was intended by the change in the phraseology of the act, which generally means that no material change was intended, as explained by the revisors in the preface to the Code, pages xi, xii. There is, however, one material change made by the Code. The act of 1914 declared that the oral testimony taken on the hearing "shall be preserved and put into the record of the cause for the purpose of an appeal," whereas section 5109 of the Code only requires this to be done "if either party desires it." There was no necessity for this expense unless one of the parties, for some cause desired it, and if no appeal was to be taken the parties might prefer that the testimony should be kept out of the permanent files of the court as well as to avoid the costs thereof. This difference between the two statutes is manifest, and must be given effect, even though not noted by the revisors. Other differences in the phraseology of the two statutes do not manifest an intent to change the meaning, and the presumption, supported by the statement of the revisors in the preface aforesaid, is that no change was intended. The act of 1914

declared that "the cause on appeal shall be heard as other chancery causes, and not as on a demurrer to the evidence," whereas section 5109 of the Code, referring to the certificate of the oral testimony, declares "when so certified, the same shall stand on the same footing as a deposition regularly taken in the cause." In other words, the suit was still a suit in chancery, and the rule requiring cases at law to be heard as on a demurrer to the evidence had no application. The language of the Code is not as apt as it might have been to accomplish this purpose, but it is fairly plain that the revisors did not intend any substantial change in this respect, and this view accords with the notes of the writer of this opinion, who was one of the revisors. Other sections of the chapter on divorce clearly negative the idea that a suit for divorce could ever be heard "as on demurrer to the evidence." Section 5109, however, does not determine what weight shall be given to the decree of the trial court where the evidence has been given orally before it. When all of the evidence in a chancery cause, as well as the pleadings, have been reduced to writing, and that court has nothing before it but the written record, including the evidence prepared by others, it has little, if any, advantage of this court in determining the right of the cause. But the case is entirely different where the trial court has the witnesses before it and can observe their demeanor on the stand, and their manner of testifying. This is important in determining their credibility and the weight to be given to their testimony. It is something that cannot be photographed or otherwise placed on the record for review by an appellate court, and great weight has always been attached to the finding of the tribunal charged with weighing such evidence, whether it be a commissioner in chancery, a jury, or a court. Of these tribunals, the least weight is given to the findings of a commissioner in chancery, but even in that case, it is said, "When, therefore, the

commissioner has seen and examined the witnesses, and the testimony is conflicting, and his conclusions are clearly supported by competent and unimpeached witnesses, the court will not set aside or disturb his report, unless the weight.of the testimony which is contrary to his conclusions is such, on account of the number of the witnesses and the nature of their evidence, as to make it clear that the commissioner has erred." *Shipman* v. *Fletcher*, 91 Va. 473, 479, 22 S. E. 458, 460.

[4-6] In enacting the act of 1914, the legislature may have thought that, because the testimony was taken orally, some one might conceive the idea that it might be demurred to, or that on an appeal the case should be heard as on a demurrer to the evidence, and inserted the provision, out of abundant caution, in order to negative that idea, but no such idea could ever have been sustained. The suit for divorce is a chancery suit where the court decides both the law and the facts, and no jury is needed, and where there is no jury there can be no demurrer to the evidence. *Reed & McCormick* v. *Gold*, 102 Va. 37, 45 S. E. 868. But, more particularly, there can be no demurrer to the evidence, nor hearing of a case as on a demurrer to the evidence in a suit for divorce because the concessions required in such case are forbidden by section 5106 of the Code, which has been the fixed policy of this State for over three-quarters of a century. Code 1849, ch. 109, sec. 9. There was no necessity, therefore, for the clause in the act of 1914 forbidding the hearing as on a demurrer to the evidence, and it was omitted by the revisors. The same principle now prevails, and the case cannot be heard as on a demurrer to the evidence. Whether, under the existing law, the finding of the trial court shall be given the same force as the verdict of a jury, as is done in actions at law where the whole case is submitted to the judge, without the intervention of a jury, it is unnecessary to decide, as we are of opinion that such

11

finding is, at the least, entitled to the weight of the report of a commissioner in chancery, upon conflicting testimony, who saw and heard the witnesses testify, and whose report is supported by competent evidence and approved by the trial court. The provision of section 5109 of the Code, putting the certified evidence on "the same footing as a deposition," could not have been intended to deprive the trial court of the chief benefit conferred upon it by that section —that of seeing the witnesses and hearing them testify. The judge was to hear the case and decide it on its merits, independently of the admissions of either party in the pleadings or otherwise," and, in order to reach a righteous judgment, the statute, for the first time in this State, conferred upon *the court* the right to "require the whole or any part of the testimony to be given orally in open court." The object of the statute was not to save costs to the parties, nor to keep the testimony from the permanent files of the court, but to give the court the opportunity of seeing and hearing the witnesses. The right to have oral testimony in open court is not conferred upon the parties, but upon the court, and it could only have been for the reasons stated. To give to such testimony only the weight given to a deposition taken before some other officer would practically nullify the statute, which could never have been intended. A deposition of a witness must be reduced to writing. It must be signed by the deponent. It must be taken after due notice to the adverse party. It must be taken before an officer authorized by law to administer an oath, who must certify that he did administer the oath to the deponent, all exceptions to questions must be noted at the proper place, and he must then return the deposition to the officer and in the manner required by law. It must in some way appear from the record that the opposing party was afforded the opportunity to cross-examine the witness. In these respects the certified evidence is to stand on "the

same footing" as a deposition regularly taken in the cause. But the two are not entitled to the same weight, and the language of the statute, when read as a whole as it should be, manifests a purpose on the part of the legislature to put the trial court in a better position to decide the case by hearing the evidence "orally in open court," than it was when confined to hearing the case on depositions only.

[7] The evidence in this case is very voluminous, consisting largely of many charges and countercharges, explanations and counterexplanations, and inculpatory or explanatory circumstances or corroboration of one side or the other. The record shows that the litigants are persons of character and good standing in the community in which they live, and in our view of the statute aforesaid, a detailed examination and discussion of the evidence is unnecessary, and to place it upon the permanent records of this court would not be conducive to the happiness of the litigants or their offspring. It must be sufficient to say that it has been carefully read and considered, with an earnest desire to do justice between the parties. The learned and upright judge of the trial court was in a far better position than this court to correctly determine the rights of the parties, and, while there is much conflict in the testimony, there is abundant evidence to support his decree, and we are unable to say that even the weight of the testimony is contrary to his conclusion. Indeed, if the certified evidence was given no more weight than a deposition, we should still be unable to say that the decree of the trial court was erroneous. His finding, therefore, will be affirmed.

[8, 9] The appellee assigns as cross error the refusal of the trial court to increase the allowance of $100.00 a month to her for the support and maintenance of herself and child to $150.00 a month. In this, there was no error. The appellant is a young lawyer with no fixed income, but a practice of variable value with no income-producing property.

His income from his practice for the year 1919 was about $3,500.00, but for the six months prior to the date of testifying did not exceed $100.00 a month.  He lives in an expensive home which he had provided for himself and wife, but it is heavily mortgaged, and upon this he has the interest to pay besides the expense of the upkeep.  He is also indebted from $1,000.00 to $1,500.00 and has now all the expense of both sides of this litigation to pay, and it is not clear what, if any, surplus would remain if these debts were paid.  It must also be borne in mind that the appellee is a young woman, only twenty-eight years of age, and that under modern conditions there is open to her practically every avenue for making money that is open to her husband, that by the decree of the court she is released from her former household duties, that her time is her own, and that she has no right to remain idle at the expense of her former husband, and that it is her duty to minimize his loss, albeit it was through his fault that she was compelled to ask that the contract of marriage be rescinded.

[10, 11] The appellee also assigns as cross error so much of the decree as gives to the appellant the custody of their child each alternate week. Of course, the welfare of the child is the question of primary importance.  Conceding the suitability of the appellee and propriety of custody by her, it may be said on behalf of the father that it appears from the testimony that there is a very warm attachment and unusual devotion between the father and son; that it has been the habit of the father to undress him and to put him to bed at night, and to wash and dress him in the morning, and to be his constant companion when at home during the day; and that the father's home is out of the city, where the child can have abundant playground and fresh air, The record discloses that the custody of the father is as suitable and proper as that of the mother.  It does not disclose any error on the part of the trial court in dividing

the custody between them. The case is retained on the docket. The decree as to the custody of the child is temporary, and may be changed at any time and in any manner that the best interest of the child demands. The subject of the custody of the child in a case of this kind is one of the most difficult that the courts have to deal with, and this is especially true of an appellate court. The only general rule that can be announced is that the welfare of the child is the primary matter for consideration, and that this rule is to be administered with as much consideration for the tender ties of affection of the parents as possible under the circumstances. When that appears from the record to have been done by the trial court, this court will not hunt for any other reason to affirm its decree.

[12] The appellee asks this court to give her a decree against the appellant for the clerical expense of the preparation of the brief of her counsel in this court and for the printing of the same, aggregating $143.40, and also for a reasonable fee to her counsel for his services in her behalf in this court. She is entitled to this. The fee of her counsel in this case in this court will be fixed at $100, and a judgment will be entered in this court in her favor against the appellant for the aggregate of these two sums, and for her costs, and the decree of the Circuit Court of Norfolk county will be affirmed.

*Affirmed.*