LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Alease C. Mosley

v.

Richard Mosley

July 1, 1966

Ended File No. E-6538

By JUDGE ALEX H. SANDS, JR.

Defendant is a man of 65 years of age, who appears far older. He gives the impression of being very nearly senile. He draws $77.00 monthly from social security and earns not more than $100.00 monthly for part time work at Export Leaf Tobacco Co., for a total of $177.00 monthly. He has no other source of income. He lives in the same dwelling with his blind brother, who is partially dependent upon him and upon which dwelling defendant pays the rent.

Plaintiff, on the other hand, has thirty years experience as a beautician, is 56 years of age, and is apparently in reasonably good health. Operating her own beauty shop she had previously cleared approximately $50.00 per week but states she closed the shop because she did not consider it to be giving her an adequate return for the effort she was putting into the opera-tion. She now does domestic work for one and one-half days per week and on Saturdays works in a beauty parlor, her gross weekly income on this basis being $35.00, or approximately $150.00 per month. No reason is suggested why, with her experience she cannot find employment for the balance of the week. A woman

who shares her living quarters pays her $43.33 per month as a share of the rent. There are no children involved and the parties were married only six months prior to separation.

Under very similar circumstances, alimony was denied in <u>Babcock</u> v. <u>Babcock</u>, 172 Va. 219 (1939), and in <u>Barnard</u> v. <u>Barnard</u>, 132 Va. 155 (1922), the Court makes this pertinent observation:

> In fixing alimony it must be borne in mind that under modern conditions there is open to the wife practically every avenue for making money that is open to her husband; and that by the decree of the Court she is released from her household duties, and she has no right to remain idle at the expense of her former husband, although it was through his fault that she was compelled to ask that the contract of marriage be rescinded.

Defendant's motion that the prior award of alimony be terminated will be granted. This relief sought by defendant will, however, be operative only as to future installments of alimony. Plaintiff has acquired a vested interest in those payments of alimony which have accrued up to the present date, although unpaid, of which interest the Court has no power to divest her.