**Richmond**

BEVERLY MOSER BURTS

V.

ROBERT HENRY BURTS

Record No. 830848.

June 15, 1984.

Present: All the Justices.

*Sylvia Clute* for appellant.
*G. Warthen Downs* for appellee.

THOMAS, J., delivered the opinion of the Court.

In this domestic relations case, the wife contends that the child support and spousal support provisions in a final decree of divorce are invalid because the trial court refused to allow her to be present, give evidence, and cross-examine witnesses at the hearing held to determine support. We agree with Beverly Moser Burts' contentions. Therefore, we will reverse in part the trial court's final decree.

On January 19, 1983, the trial court held a hearing to consider the issues of permanent child support, permanent spousal support, and lump-sum spousal support. Mrs. Burts asked, through counsel, whether she could be present and participate in this proceeding. The trial court said no. The court invited the lawyers into chambers where it considered various documentary evidence and the argument of counsel. Mrs. Burts was left out in the hallway. She was not permitted to observe the proceedings or to participate in any fashion. Indeed, the trial court even made note in its final decree that "[t]he defendant's request to be present for the hearing was denied."

This typical divorce proceeding has given rise to an atypical problem of constitutional dimensions. The trial court's conduct gave rough treatment to Mrs. Burts' right to due process. The Constitution of our Commonwealth makes crystal clear that "[n]o person shall be deprived of his life, liberty, or property without due process of law." Va. Const. art. I, § 11. In *Moore v. Smith*, 177 Va. 621, 626, 15 S.E.2d 48, 49 (1941), we said the following

about the nature of due process: "A day in court, an opportunity to be heard, is an integral part of due process of law, everywhere recognized." In this case, the trial court adopted a procedure which effectively denied Mrs. Burts her day in court.

In response to Mrs. Burts' arguments, Mr. Burts contends that there was no denial of due process because in *Barnard v. Barnard*, 132 Va. 155, 162, 111 S.E. 227, 229 (1922), we said that "[t]he right to have oral testimony in open court is not conferred upon the parties, but upon the court. . . ." He goes on to argue that the real dispute here is whether the court should have held an *ore tenus* hearing. He submits that since such a hearing lies in the discretion of the court, a litigant cannot demand it and if such a hearing is not held, a litigant cannot complain. We see no conflict between *Barnard* and this appeal.

All we said in *Barnard* was that the decision to hold an *ore tenus* hearing belonged to the trial court. We did not say, nor could we have said, that once a trial court decides to hold an *ore tenus* hearing, it is permitted to conduct the hearing in such a manner as to deprive a litigant of her day in court. Here, the trial court held an *ore tenus* hearing, yet, it did not permit the parties to be present or to have any direct input.

The trial court could have chosen to resolve the matter without a hearing by considering the deposition testimony of the parties along with properly submitted documentary evidence or by referring the case to a Commissioner in Chancery. The court did not, however, take either approach.

Instead, the trial court set a hearing but refused to allow anyone to attend except the lawyers for the parties. Under the facts and circumstances of this case, that was error. We hold that where, as here, a trial court holds a hearing to determine the question of support payments, and one of the parties requests an opportunity to be present, to be heard, and to cross-examine adversary witnesses, if any, due process requires that the court afford the litigant that opportunity either by hearing the evidence itself, referring the case to a Commissioner, or ordering that evidence be taken by depositions.

We will, therefore, reverse so much of the final decree as awarded child support and spousal support, and we will remand this case for further proceedings not inconsistent with this opinion.

*Reversed in part,*
*and remanded.*