**Norfolk**

DAVID C. FORREST

v.

BARBARA R. FORREST

Nos. 0543-85 and 1218-85

Decided October 7, 1986

COUNSEL

G. Ronald Grubbs, Jr.; Harry P. Anderson, Jr. (Anderson, Parkerson & Shields, on briefs), for appellant.

James C. Roberts; Russell V. Palmore, Jr. (Mays, Valentine, Davenport & Moore, on briefs), for appellee.

OPINION

**KEENAN, J.** — David C. Forrest appeals from a final decree in a divorce action which incorporated a property settlement agreement over his objection. The central issues presented in this appeal are: (1) whether the chancellor erred in incorporating the property settlement agreement into the final divorce decree over Forrest's objection that the agreement was invalid; and (2) whether the chancellor erred when he refused to hear evidence, brought to his attention more than two months after entry of the final divorce decree, alleging Forrest's incapacity to enter into the property settlement agreement. We find no error in the court's rulings and affirm its decision.

On June 6, 1983, the trial court entered a final decree of divorce, reserving for future consideration matters of spousal and child support, as well as attorneys' fees. The court conducted an *ore tenus* hearing on August 17, 1983. After the hearing, upon motion of both parties, the court continued the matter. The parties scheduled a further hearing on February 8, 1985. On that

date, the parties notified the court that they had reached an agreement and that it had been reduced to writing and signed. The court directed counsel to prepare an order "filing the agreement with the papers in the cause." Later that day, the husband telephoned the court, stating that he was ill and had been advised by his doctors not to sign anything. He stated that he felt he had made a mistake and had changed his mind about entering the agreement. The husband further instructed his attorneys not to endorse the order prepared by the wife's counsel. Thereafter, notice was served on the husband that the order would be presented to the court for entry on March 25, 1985.

The husband did not file any motions with the court prior to the March 25, 1985 hearing. At this hearing, the husband opposed incorporation of the property settlement agreement. New counsel had been retained by the husband. Counsel argued that the husband was under such great pressure and emotional strain when he signed the agreement that he failed to understand the scope of his obligations under it. Twice, however, counsel specifically stated that the husband was not alleging incapacity. The husband's counsel further represented that the husband could not comply with the financial terms of the agreement and did not want to be subject to the court's contempt powers. The husband's counsel described the agreement as "an accident waiting to happen," and asked the court in its discretion to refuse to incorporate the agreement into the final decree.

The court found that the parties had reached an agreement, and informed the husband that he could not contest the agreement simply because he had changed his mind. The court entered a decree which incorporated the agreement by reference. Execution of the decree, except for the spousal support provision, was suspended for ninety days. The court stated that one reason for suspending execution of the decree was to permit the husband to file a separate suit attacking the validity of the agreement.

On June 14, 1985, the husband filed motions asking the court to reinstate the case and grant an evidentiary hearing on the issue of his capacity and competency to execute the agreement. The court denied the husband's motions without a hearing.

The husband argues that the court erred in considering the incorporation issue on March 25, 1985, after it ruled on February 8,

1985 that the agreement be "formally filed with the papers in this cause." He contends that this ruling did not provide for incorporation of the agreement into the decree and that the court improperly added language providing for incorporation of the agreement in its March 25, 1985 decree. We find no merit in this argument.

The court was not bound by the terms of its February 8, 1985 oral ruling that the agreement be "formally filed with the papers in this cause." Assuming *arguendo* that this language did not provide for incorporation of the property settlement agreement into the court's decree, the court was nevertheless at liberty to further consider this issue before entering its decree. On March 25, 1985, both parties were given an opportunity to be heard on the issue. Both presented argument to the court. Therefore, we find that the court did not err in giving further consideration to the issue of incorporation at the March 25, 1985 hearing.

The husband also argues that the court abused its discretion by incorporating the property settlement agreement into the final decree without first making a finding that the agreement was valid. The husband contends that Code § 20-109.1 requires the court to make such a finding because its language provides for discretionary incorporation of *valid* agreements.[1] The husband further argues that by incorporating the agreement, which gave it the force and effect of a court order, the court foreclosed his right to attack the agreement in a separate action. He contends that any separate suit to set aside the agreement would be barred on the grounds that the validity of the agreement had already been decided by the court when it incorporated the agreement into the final decree. We disagree with these contentions.

■ The language of Code § 20-109.1 gives the trial court discretion in determining whether a property settlement agreement should be incorporated by reference into a final decree of divorce. Absent an abuse of discretion, the trial court's decision must be upheld on appeal.

---

[1] Code § 20-109.1 provides: "Any court may affirm, ratify and incorporate by reference in its decree dissolving a marriage or decree of divorce whether from the bond of matrimony or from bed and board, any valid agreement between the parties, or provisions thereof, concerning the conditions of the maintenance of the parties, or either of them and the care, custody and maintenance of their minor children, or establishing or imposing any other condition or consideration, monetary or nonmonetary."

In its March 25, 1985 order, the court found that the parties had reached an agreement. The court stated: "The matter having been before the court on the settlement agreement for 18 months and the plaintiff having been represented by three able attorneys, the court is of the opinion that the agreement was reached, and all that remained was the entry of an Order, the divorce having been granted by Order dated June 6, 1983." Before making this finding, the court heard argument from the husband's counsel, as well as the husband's own personal statement. In his argument, the husband's counsel told the court that the husband was not alleging incapacity as a basis for requesting that the agreement not be incorporated into the final decree.

The record further shows that the court was involved in different aspects of the case for a period of eighteen months. The court was well acquainted with the factual and procedural history of the case. It conducted an *ore tenus* hearing dealing with the issue of support. It accepted the February 8, 1985 representation of both counsel that an agreement had been reached. At the time of its decision on March 25, 1985, the trial court received no legally cognizable claim that the agreement was invalid. The husband did not allege incapacity until over two months after the March 25, 1985 hearing. Based on these facts, we find that the court's decision to incorporate the property settlement agreement into the final decree of divorce was not an abuse of its discretion.

■ We also hold that in stating its finding that an agreement had been reached, the court necessarily determined that the agreement was valid on its face. Code § 20-109.1 does not require the trial court to conduct a separate inquiry into the validity of a property settlement agreement which appears valid on its face. To do so would place an unnecessary burden on the trial court, and would improperly encourage parties to attack the validity of agreements simply because they have changed their minds. Such a result would be contrary to the public policy of prompt resolution of property disputes in divorce cases through voluntary court-approved agreements. *See Morris v. Morris*, 216 Va. 457, 459, 219 S.E.2d 864, 867 (1975).

■ We also do not accept the husband's assertion that by incorporating the agreement into the final decree, the court foreclosed his right to attack the validity of the agreement in a separate action. Code § 8.01-428(C) recognizes the authority of the trial

court to entertain a separate action to relieve a party from any judgment or proceeding. We express no opinion, however, on the merits of such an action.

The husband also argues that the trial court deprived him of his constitutional right of due process when it denied him a hearing on the validity of the property settlement agreement. We find no merit in this argument. At the time it entered its decree on March 25, 1985, the court was presented with an agreement which was valid on its face. Prior to filing his motion to reconsider on June 12, 1985, the husband made no cognizable claim of incapacity or incompetency. In fact, on March 25, 1985, the husband's counsel emphasized to the court that the husband was not alleging incapacity. For these reasons, we find that the trial court acted properly when it denied the husband a hearing on the validity of the agreement prior to the entry of the March 25, 1985 decree.

We also find that the trial court did not deprive the husband of his constitutional right of due process when it denied, without a hearing, his June 12, 1985 motion to reconsider. As stated by the Supreme Court in *Barnard v. Barnard*, 132 Va. 155, 162, 111 S.E. 227, 229 (1922): "The right to have oral testimony in open court is not conferred upon the parties, but upon the court." Further, we disagree with the husband's contention that the case before us is controlled by *Burts v. Burts*, 227 Va. 618, 316 S.E.2d 745 (1984). In *Burts*, the trial court set a hearing to determine support, but denied the wife the opportunity to be present or call witnesses on her behalf. The trial court in *Burts* also refused to allow anyone other than the parties' counsel to attend the hearing. The Supreme Court decided that under those facts and circumstances, the wife's right of due process was violated by the trial court. *Id.* at 620, 316 S.E.2d at 746.

In contrast to the facts and circumstances presented in *Burts*, the record before us demonstrates that Mr. Forrest was not deprived of due process under the law. The motion to reconsider was filed approximately eighty days after the entry of the March 25, 1985 decree. The trial court had already suspended execution of the March 25, 1985 decree for ninety days. This gave the husband an opportunity to file a separate action attacking the validity of the agreement. He failed to do so. Unlike the wife in *Burts*, Forrest was never denied an opportunity to be present at a hearing disposing of one of his substantive rights. Instead, the court simply

refused to give him a forum to collaterally attack, after the fact, the validity of an agreement which had already been made a part of the record in this case. We find that the court's decision in this regard was not an abuse of its discretion and did not deny the husband his constitutional right of due process under the law.

In summary, we find that the trial court did not err when it considered the issue of incorporation of the property settlement agreement on March 25, 1985, that it was not required by Code § 20-109.1 to make an independent finding regarding the validity of this agreement, that the incorporation of the agreement into the court's decree did not constitute an abuse of discretion or bar a separate action to contest the validity of the agreement, and that the husband was not denied due process of law in any of the proceedings before the trial court. For the foregoing reasons, we affirm the rulings of the trial court.

*Affirmed.*

Benton, J., and Hodges, J., concurred.