# CIRCUIT COURT OF LOUDOUN COUNTY

Austin

v.

Austin

January 5, 1999

Case No. (Chancery) 18606

BY JUDGE THOMAS D. HORNE

This matter came before the Court on the motion of the defendant/cross-complainant for the affirmation, ratification, and incorporation by reference of a property settlement agreement into a decree of this court. Section 20-109.1, Code of Virginia. The only issue identified as in controversy relates to the custody of the son of the parties. Mr. Austin suggests that the parties should be awarded joint legal custody rather than the wife having "legal and physical custody" subject to husband's reasonable and liberal visitation as provided for in the agreement. Although having previously approved of such an arrangement, he now expresses concerns as to his exclusion from ultimate decision making affecting his son.

The Court notes that while it retains the discretion to incorporate all or only portions of the agreement into any decree of this Court, it must be mindful of the public policy favoring the settlement of such matters. *Morris v. Morris*, 216 Va. 457 (1975). An agreement which is valid on its face may be so incorporated. *Forrest v. Forrest*, 3 Va. App. 236 (1986). Essential to a determination as to incorporation are the best interests of the child. *Gilman v. Walton* (Ct. of Appeals of Virginia, Record No. 1107-97-1, December 16, 1997).

Joint custody differs from sole custody in that in the former arrangement, both parents are primary decision makers in matters affecting the child, while in the latter situation, one parent retains primary authority to make decisions. Section 20-124.1, Code of Virginia. Absent the ability to work closely with one another, parents may quickly realize that the demands of compromise and

conciliation, which are the spirit of collective decision making, may frustrate the concerned parental involvement which was sought through joint legal custody. In determining custody, the Court is to be guided by the standard of what is in the "best interests" of the child. See § 20-124.3, Code of Virginia. It does not attempt to micro-manage children's lives. In making its determination, the trial judge is admonished that "the procedures for determining custody and visitation arrangements shall, insofar as practical and consistent with the ends of justice, *preserve the dignity and resources of family members. Mediation shall be used as an alternative to litigation where appropriate.*" Section 20-124.2(A), Code of Virginia (emphasis added).

The instant agreement reflects a thoughtful and caring agreement. Detailed provisions outline the responsibilities of each parent in the nurturing of their son. They reflect an ideal that parents undergoing separation and divorce should seek to attain. This Court should not interfere with such a carefully drawn agreement.

Mr. Austin, pursuant to the agreement, is to have liberal visitation with his eleven-year-old son. Under such circumstances:

> when visitation privileges have been liberally granted without restriction, absent a finding by the court that the non-custodial parent has acted without concern for the child's well-being or best interest, has demonstrated irresponsible conduct, has interfered with basic decisions in areas which are the responsibility of the custodial parent, or finding that the activity which is questioned by the custodial parent presents a danger to the child's safety or well-being, neither the custodial parent nor the court may intervene to restrict activities during visitation.

*Eichelberger v. Eichelberger*, 2 Va. App. 409, 413 (1986).

The agreement mandates that the father be kept informed and that the parties "shall put no obstacle in the way of the maintenance of love and affection between the children [sic] and each parent or in the way of a reasonable and proper companionship between the children [sic] and each parent, nor shall either party do anything to estrange the children [sic] from the other parent."

Accordingly, the Court will grant the motion and affirm, ratify, and incorporate the agreement into any Final Decree of Divorce.