COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Annunziata and Senior Judge Overton[*]
Argued at Norfolk, Virginia


JAMES RODNEY SAULS

                               MEMORANDUM OPINION[**] BY
v.        Record No. 0947-98-1      JUDGE NELSON T. OVERTON
                               FEBRUARY 2, 1999

BARBARA SAULS


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Wilford Taylor, Jr., Judge

Robert E. Long (Deirdre Farrington, on
brief), for appellant.

E. Thomas Cox for appellee.


James Rodney Sauls (husband) appeals a decree granting
Barbara Sauls (wife) a divorce a vinculo matrimonii. He has
presented several issues for appellate review, all of which
question the trial court's decision to incorporate the parties'
settlement agreement into the divorce decree. Because we hold
that the trial court did not err by incorporating the agreement,
we affirm.

The parties are fully conversant with the record in this
case and because this memorandum opinion carries no precedental
value, no recitation of the facts is necessary.

---

[*]Judge Overton participated in the hearing and decision of
this case prior to the effective date of his retirement on
January 31, 1999 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401, recodifying Code
§ 17-116.01:1.

[**]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

"Property settlement agreements are contracts subject to the same rules of formation, validity, and interpretation as other contracts." Bergman v. Bergman, 25 Va. App. 204, 211, 487 S.E.2d 264, 267 (1997) (citing Smith v. Smith, 3 Va. App. 510, 513, 351 S.E.2d 593, 595 (1986)). If the agreement is valid, the trial court may incorporate it into a final decree of divorce. See Code § 20-109.1. On appeal, we will reverse the trial court's decision to incorporate such an agreement only upon an abuse of discretion. See Forrest v. Forrest, 3 Va. App. 236, 239, 349 S.E.2d 157, 159 (1986).

Husband's first contention is that the agreement was invalid because the copy he received and signed was incomplete. Specifically, he alleges a letter referenced in the agreement as "exhibit B" was not included with the agreement. According to husband, failure by wife's attorney to attach the letter resulted in an invalid contract.

"An incomplete contract . . . is one from which one or more material terms have been entirely omitted. . . . While a contract to be valid and enforceable must be so certain that each party may have an action upon it, reasonable certainty is all that is required." Smith v. Farrell, 199 Va. 121, 128, 98 S.E.2d 3, 7 (1957). Paragraph 13 of the settlement agreement, titled "advice of counsel," states in pertinent part:

> The parties acknowledge that they are entering into this Agreement freely and voluntarily, that they have ascertained and weighed all the facts and circumstances likely to influence their judgment herein;

- 2 -

that they have sought and obtained legal advice independently of each other; that they clearly understand and assent to all the provisions of this Agreement. Wife is represented by Stuart A. Saunders who has not provided any representation or given any legal advice to the Husband, who has sought such legal advice as he deems appropriate. The representation by Stuart A. Saunders is modified by a letter to Husband and Wife dated October 5, 1995, a copy of these letters are attached hereto as Exhibit B.

The letter disclosed that wife's attorney had an attorney/client relationship only with wife, that husband should seek independent legal counsel if he had questions about the agreement and that husband had agreed that wife's attorney was responsible for drafting the agreement. Husband received a letter, addressed to him, labeled "exhibit B."

According to the terms of Paragraph 13, it is clear that wife received her own letter, addressed to her, and husband received one addressed to him. These are the letters described by the agreement. Because husband has failed to show that his letter is not the "exhibit B" letter referenced in the agreement, we hold that the agreement is not incomplete.

Husband next alleges that the trial court erred by failing to send the issues of fraud, duress and oppression to a commissioner in chancery. The decision to refer a case to a commissioner in chancery is, like other administrative decisions, entrusted to the trial court's sound discretion. See Watkins v. Commonwealth, 229 Va. 469, 480, 331 S.E.2d 422, 431 (1985). Because we cannot say the trial court abused its discretion by

hearing the evidence and ruling on the issues itself, we affirm its decision.

Husband also alleges that the trial court erred by excluding certain evidence. The trial court excluded evidence of marital discord which occurred throughout the marriage. The trial court ruled that such animosity, even if severe, did not prove duress or oppression at the time husband acquiesced to the agreement.

The testimony which husband offered into evidence was far removed in place and time from the formation of the agreement by the parties. The testimony did not concern the agreement or husband's motivation to sign it. When testimonial evidence relevant to the question of duress or oppression was offered, the trial court admitted it. Indeed, husband testified at length about his state of mind at the time he signed the agreement. The trial court simply chose not to believe him.

Husband finally argues that the trial court erred by ruling it had jurisdiction to amend spousal support in the future if circumstances changed. This allegation is completely without merit. The trial court ruled that it had jurisdiction to hear the bill of complaint requesting divorce. See Code § 20-96. The trial court further ruled that it had jurisdiction to decide whether the parties' separation agreement was valid and should be incorporated into the divorce decree. See Code § 20-109.1. The trial court did not rule that it could later change the amount of spousal support more than 21 days after the decree was issued.

- 4 -

See Rule 1:1.[1]  It was husband's perception of the trial court's ruling that was erroneous, not the ruling itself.

Husband has presented two further questions for review: whether a scrivener's error occurred in the agreement and whether wife made fraudulent statements to husband which would render the contract invalid.  Because husband did not preserve these questions by a timely objection in the trial court, we are barred from considering them on appeal.  See Rule 5A:18.  See also Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991).

We hold that the trial court committed no reversible error.  Accordingly, the trial court's decree of divorce is affirmed.

Affirmed.

---

[1]While Code § 20-109 allows a circuit court to modify spousal support upon a change of circumstances, if a separation agreement has been incorporated into the decree the court may only modify spousal support in conformance with that agreement. Because the parties' agreement did not provide for such modification, the court cannot change the terms of spousal support in the future.