COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


GHEBRU WOLDEMICHAEL
                                    MEMORANDUM OPINION*
v.    Record No. 1800-99-4              PER CURIAM
                                     DECEMBER 28, 1999
NIGIST ASFAHA


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                       Dennis J. Smith, Judge

              (Jahangir Ghobadi; Jahangir Ghobadi, P.C., on
              brief), for appellant.

              (Dennis M. Hottell; David Lawrence Ginsberg;
              Dennis M. Hottell & Associates, P.C., on
              brief), for appellee.


     Ghebru Woldemichael (husband) appeals the decision of the

circuit court affirming, ratifying and incorporating a property

settlement agreement allegedly entered into by husband and

Nigist Asfaha (wife) and deciding other issues.  On appeal,

husband contends that the trial court erred by:  (1) affirming,

ratifying and incorporating into its order of May 19, 1999 the

Property Settlement Agreement dated October 5, 1996; (2) denying

his request for a continuance of the May 19, 1999 hearing; and

(3) making its equitable distribution determination and granting

wife attorney's fees.  In her response, wife seeks an award of

appellate attorney's fees.  Upon reviewing the record and briefs

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

"In reviewing an equitable distribution award on appeal, we recognize that the trial court's job is a difficult one. Accordingly, we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case." Artis v. Artis, 4 Va. App. 132, 137, 354 S.E.2d 812, 815 (1987). The judgment of a trial court sitting in equity, "when based upon an ore tenus hearing, is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Simmons v. Simmons, 1 Va. App. 358, 361, 339 S.E.2d 198, 199 (1986).

### Property Settlement Agreement

Husband contends that the trial court erred when it entered an order on May 19, 1999 affirming, ratifying, and incorporating, but not merging, a property settlement agreement signed by the parties on October 5, 1996. Husband argues that the agreement was not valid and not final. We find no merit in husband's contention.

Husband did not refer to the agreement in his bill of complaint filed July 1, 1997. In her answer, wife prayed that the trial court affirm, ratify, and incorporate, but not merge,

the parties' agreement signed on October 5, 1996, copies of which were attached to her answer. Husband responded to wife's answer, stating that the "alleged property settlement agreement was unofficial, unfair, incomplete and improper." Wife did not refer to the agreement in her answer to husband's amended bill of complaint. The commissioner in chancery, who heard evidence on the grounds for divorce, reported that the "parties intend to request relief from this Court concerning outstanding property issues, there was no signed Property Settlement Agreement presented at this hearing."

The parties introduced evidence concerning the agreement at the May 19, 1999 hearing. Wife produced a copy of the agreement and a translation. Both parties testified, as did a third witness who was the "chief mediator" at the time the agreement was executed. Husband did not contest that he drafted the agreement. Evidence indicated that the parties willingly signed the agreement in the presence of the three "mediation members." The document itself, as translated, contained a listing of the parties' property and provided that the parties "agreed to share all the above equally and not to claim anything else and both signed the agreement." While husband alleged at the May 19, 1999 hearing that he refused to sign the final agreement several days later, the evidence proved that the agreement signed by the parties was a final agreement.

Based upon the written documents and the testimony heard by the trial court *ore* *tenus*, the court determined that the agreement was valid and enforceable. "The language of Code § 20-109.1 gives the trial court discretion in determining whether a property settlement agreement should be incorporated by reference into a final decree of divorce. Absent an abuse of discretion, the trial court's decision must be upheld on appeal." Forrest v. Forrest, 3 Va. App. 236, 239, 349 S.E.2d 157, 159 (1986). Evidence supported the trial court's decision. We find no error in the trial court's determination.

## Denial of Continuance

Husband also contends that the trial court erred when it refused to grant his motion for a continuance made at the May 19, 1999 hearing. In a Motion for Summary Judgment previously filed with this Court, wife argues that this question cannot be addressed without the transcript of the April 30, 1999 hearing. This transcript was not timely filed and is not a part of the record on appeal. We find the record on appeal is adequate for us to address husband's contention on the merits and, therefore, deny wife's Motion for Summary Judgment.

We find no error in the trial court's denial of husband's motion for a continuance. While we do not have the transcript of the April 30, 1999 hearing before us, the record demonstrates that, by order entered that day, the trial court continued

- 4 -

wife's Motion to Incorporate Property Settlement Agreement until May 19, 1999. The trial court ordered husband to respond to wife's motion by May 7, 1999. Husband signed this order. The trial court also entered on April 30, 1999 a separate order allowing husband's counsel to withdraw and expressly providing "[t]here will be no continuances of any court dates set as of 4/30/99." Husband also signed this order under the endorsement "Seen." In addition, as noted by the court during the hearing on May 19, 1999, husband had notice of wife's reliance upon the agreement when she filed her answer in 1997.

"Whether to grant or deny a continuance of a trial is a matter that lies within the sound discretion of a trial court, and its ruling will not be reversed on appeal unless it is plainly wrong." Cardwell v. Commonwealth, 248 Va. 501, 508, 450 S.E.2d 146, 151 (1994). The record demonstrates that husband was present at the hearing at which the trial court continued the issue of the incorporation of the property settlement agreement. Upon review of the record, we cannot say that the trial court's refusal to grant husband an additional continuance on May 19, 1999 was an abuse of discretion. Therefore, we find no merit in husband's contention.

## Equitable Distribution

Husband contends that the trial court erred by entering an equitable distribution order pursuant to the terms of the

October 1996 agreement and by awarding wife her attorney's fees. We find no error. See Code § 20-109.1.

Pursuant to the terms of the parties' agreement, the trial court ruled that the former marital residence was jointly held marital property that was to be equally divided between the parties. Accordingly, the trial court entered an equitable distribution order dividing the marital property listed in the agreement and remaining in the marital estate at the time of the hearing.

Husband contends that the trial court erred by failing to consider his testimony concerning the value of the marital residence. He testified that the house was listed for sale at $549,000. Evidence established that the house did not sell at that price and, in fact, that the sale price was reduced to $525,000 by April 30, 1998. Wife testified that the marital residence was worth between $480,000 and $500,000. She also presented evidence that the 1997 tax assessed value of the home was $435,530. Neither party presented a real estate appraisal for the residence. The trial court's determination that the marital residence was worth $500,000 was supported by the evidence presented. "We will not disturb the trial court's finding of the value of an asset unless the finding is plainly wrong or unsupported by the evidence." Shooltz v. Shooltz, 27 Va. App. 264, 275, 498 S.E.2d 437, 442 (1998).

While husband also asserts that the trial court erred by failing to determine the value of the marital residence as of the time of the hearing, the record does not support this contention. The trial court determined the current value of the marital residence, limited by the scope of the evidence presented by the parties.

We find no error in the trial court's order directing husband to reimburse wife for his share of the mortgage payments made by wife since the execution of their agreement. Under the terms of the agreement, the parties shared equally in the loan for this property. Husband failed to cite any evidence in the record supporting his contention that wife intentionally failed to sell the marital residence. See Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Husband contends that "equity and spirit of equal division of assets and debts" reflected in the parties' agreement required wife to reimburse husband for mortgage and maintenance attributable to unspecified property possessed by husband following their separation. However, no other property remaining in the marital estate at the time of the hearing was identified in the parties' agreement. Husband failed to present sufficient evidence to warrant an award of these unspecified amounts contrary to the express language of the parties' agreement.

Husband failed to object to the award of attorney's fees to wife, either in the list of objections that accompanied the endorsement of the June 9, 1999 order or in his Motion For Reconsideration. "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. Neither good cause nor the ends of justice warrant our consideration of this objection.

We deny wife's request for attorney's fees incurred in this appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.