COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Petty and Senior Judge Fitzpatrick
Argued at Alexandria, Virginia


REBECCA R. DONOFRIO
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2548-06-4                      JUDGE WILLIAM G. PETTY
                                                        JANUARY 15, 2008
EDWARD DONOFRIO


               FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                            Dennis J. Smith, Judge

            Theresa E. Cummins (Edna Ruth Vincent; Colten Cummins
            Watson & Vincent, P.C., on brief), for appellant.

            No brief or argument for appellee.


       Wife, Rebecca R. Donofrio, appeals the final decree of divorce terminating her marriage to

Edward Donofrio, husband.  Wife raises six issues on appeal.  Because we conclude the trial court

applied the incorrect standard of proof in determining that wife submitted a forged property

settlement agreement, we reverse without addressing the remaining issues.

                                    I.  BACKGROUND

       "When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003).  The parties married in

September 1999, and wife filed a bill of complaint for divorce in March 2005.  In June 2005,

husband sought to reconcile with wife.  Wife conditioned any reconciliation on the parties entering

into a contingent property settlement agreement, because she "didn't have the finances to come back

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

to court and start over again" if the reconciliation were to fail. Wife also explained that she considered the agreement a way to "know that [husband] was sincere about" the reconciliation attempt.

The parties were unsuccessful in their attempt to reconcile, and wife filed a new bill of complaint for divorce. During the subsequent proceedings, each party moved the trial court to incorporate into the final divorce decree the property settlement agreement they had entered into prior to the reconciliation. Although each party submitted a signed and notarized copy of what each alleged was the agreement that they had reached, the documents were in fact quite different.

According to wife's copy, wife was to receive the parties' marital home and $5,000 per month spousal support for a period of six years. Wife waived any claim to husband's business. Wife also submitted a deed that transferred husband's interest in the marital home to her. The husband's copy, on the other hand, provided that wife was to convey her interest in the marital home to husband, who would then sell the house, retain $90,000 of the profit as repayment for his separate funds that he used as the down payment on the home, and evenly divide the remaining proceeds from the sale with wife. This document also provided that wife would receive $3,000 per month spousal support, to begin when she vacated the marital home and end after the distribution of the proceeds from the sale of the marital home. Husband submitted a deed conveying wife's interest in the marital home to him.[1]

In February 2006, the trial court held a hearing on the motions to incorporate. During the hearing, the trial court defined the issue before it by instructing counsel that "[this case does not

---

[1] In her motion to incorporate the settlement agreement, wife specifically alleged that the property settlement agreement offered by the husband was a forgery. While husband did not formally plead fraud, he did argue fraud before the trial court. Husband did not challenge the trial court's determination that the issue of fraud as to both agreements was before it, and therefore, we do not address that issue in this appeal. Further, the record shows that the trial court permitted and was persuaded by husband's argument.

involve] a question of what's in the agreement. It's a question really on forgery that's the issue. . . ." Prior to closing argument, husband's counsel specifically asked the trial court whether the applicable standard of proof in this case was the preponderance of the evidence. Despite the trial court's earlier statement that the issue in this case was one of forgery, it responded, "[i]t is." Immediately following the conclusion of closing arguments, the trial court held as follows:

> I have to say, that [this] is a sad situation. I get diametrically opposed stories and I have to sort it. I have to say, I gave it a lot of thought and reviewed these documents. . . . The documents I think have some – some secrets to tell . . . .
>
>       *      *      *      *      *      *      *
>
> At the very top of [wife's version of the agreement], there's a staple hole. It runs through the first six pages. It does not appear on the seventh page and then goes through the rest of the document. That is inconsistent with her testimony that this document was not changed. It is impossible to have these holes to exactly line up on all the pages except for one. So that coupled with many other inconsistency [sic] in the testimony pointed out [sic]. [Husband] carried his burden of proof whereas [wife] has not. And I accept his property settlement agreement as the original agreement and that's the agreement that will be incorporated into the documents.

The trial court then instructed the clerk to remove and seal the original documents from the court file. Then, the trial court referred the matter to the Commonwealth's Attorneys' offices of Fairfax and Loudoun Counties for possible criminal fraud charges.

Following the trial court's decision, wife filed a motion asking the trial court to reconsider its decision. Wife argued, *inter alia*, that the trial court should have applied the more stringent clear and convincing standard of proof in deciding which document was a forgery. The trial court declined to reconsider its decision and entered a final decree of divorce. This appeal followed.

## II. ANALYSIS

### A. Standard of Review

While a trial court's finding of fact is "entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it," Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997), this case involves a question of law. See Martin v. Phillips, 235 Va. 523, 529, 369 S.E.2d 397, 401 (1988) (holding that a trial court made an error of law when it applied the incorrect standard of proof), overruled on other grounds by Friendly Ice Cream Corp. v. Beckner, 268 Va. 23, 33, 597 S.E.2d 34, 39 (2004); Gulfstream Building Assocs., Inc. v. Britt, 239 Va. 178, 183, 387 S.E.2d 488, 491 (1990) (noting that application of a preponderance standard of proof, rather than the clear and convincing standard of proof, was error in a case that involved fraud). We review questions of law, such as this one, *de novo*. Rusty's Welding Serv. Inc. v. Gibson, 29 Va. App. 119, 127, 510 S.E.2d 255, 259 (1999).

In reviewing questions of law, we are always mindful that the trial "judge is presumed to know the law and to apply it correctly in each case." Crest v. Commonwealth, 40 Va. App. 165, 172 n.3, 578 S.E.2d 88, 91 n.3 (2003). This presumption may only be rebutted by "clear evidence to the contrary in the record." Campbell v. Commonwealth, 39 Va. App. 180, 186, 571 S.E.2d 906, 909 (2002) (citation omitted).

### B. Marital Settlement Agreements

Our trial courts are empowered to incorporate marital settlement agreements into final divorce decrees, so that their terms can be enforced through the court's contempt power. See Code § 20-109.1. "[M]arital property settlements entered into by competent parties upon valid consideration for lawful purposes are favored in the law . . . ." Cooley v. Cooley, 220 Va. 749, 752, 263 S.E.2d 49, 52 (1980) (citation omitted). In fact, settlement agreements hold such a favored position that we have held that trial courts are not required to "conduct a separate inquiry

- 4 -

into the validity of a property settlement agreement which appears valid on its face" prior to incorporating them into divorce decrees, because doing so "would place an unnecessary burden on the trial court, and would improperly encourage parties to attack the validity of agreements simply because they have changed their minds." Forrest v. Forrest, 3 Va. App. 236, 240, 349 S.E.2d 157, 160 (1986).

"[P]roperty settlement agreements are contracts and are subject to the same rules of construction that apply to the interpretation of contracts generally." Southerland v. Southerland, 249 Va. 584, 588, 457 S.E.2d 375, 377 (1995). Thus, when disputes concerning matters such as the existence of an agreement between the parties or the interpretation of the terms of property settlement agreements arise, the parties are required to prove their allegations subject to the preponderance of the evidence standard of proof. See, e.g., Shenk v. Shenk, 39 Va. App. 161, 571 S.E.2d 896 (2002).

When, however, a party challenges the legitimacy of a facially valid, written settlement agreement, our decisions demand that the challenger prove his allegations by clear and convincing evidence.[2] See Derby v. Derby, 8 Va. App. 19, 26, 378 S.E.2d 74, 77 (1989) (holding that a property settlement agreement may be avoided on the grounds that it was unconscionable and obtained by fraud only on a showing of clear and convincing evidence); see also Aviles v. Aviles, 14 Va. App. 360, 366, 416 S.E.2d 716, 719 (1992) ("'The charge of fraud is one easily made, and the burden is upon the party alleging it to establish its existence, not by doubtful and inconclusive evidence, but clearly and conclusively.'" (quoting Redwood v.

---

[2] The dissent argues that the proper standard of proof in this case was a preponderance of the evidence. In doing so, however, it misconstrues the issue before the trial court. The dissent reasons that the issue the trial court was obligated to decide was which property settlement agreement to accept. However, because both agreements were facially valid, no such inquiry was required. Instead, the issue before the trial court was which of the agreements to reject as fraudulent. It is this determination that required proof by clear and convincing evidence.

Rodgers, 105 Va. 155, 158, 53 S.E. 6, 7 (1906))). The imposition of a higher standard of proof in these situations is consistent with our public policy "favor[ing] the prompt resolution of disputes concerning the . . . property rights of the parties" through the use of "[v]oluntary court approved agreements." Morris v. Morris, 216 Va. 457, 459, 219 S.E.2d 864, 867 (1975).

This case presented a unique situation to the trial court. Each of these parties requested the trial court to incorporate different versions of an apparently valid property settlement agreement. Both documents bore the same date and the parties' notarized signatures, facts that led each to argue at trial that the other's version of the agreement was a forgery. Here, then, the question before the trial court was not whether the husband or wife's version of the property settlement agreement was genuine.[3] Instead, the question before the trial court was which of the competing property settlement agreements was a forgery.

Immediately after the trial court's statement regarding the standard of proof, counsel made their closing arguments applying the incorrect standard. The trial court announced its decision directly after the end of closing arguments. Moreover, in its March 10, 2006 order memorializing its ruling from the bench, the trial court made two separate – albeit related – rulings. First, it granted husband's motion to incorporate his agreement finding that husband's agreement was "the one, valid and authentic settlement agreement between the parties." Second, it denied wife's motion to incorporate her agreement declaring it to be "null and void." In making these rulings the trial court, of necessity, accepted husband's argument that wife's agreement was a forgery.

Forgery is "a flagrant species of fraud." Ventro v. Clinchfield Coal Corp., 199 Va. 943, 952, 103 S.E.2d 254, 261 (1958). As discussed above, it is well settled that fraud must be proved

---

[3] As discussed *supra*, the trial court was entitled to believe that both versions of the property settlement agreement were valid under Code § 20-109.1 and our decision in Forrest.

by clear and convincing evidence. The record, however, reveals that the trial court applied a lesser standard of proof when it declared wife's agreement null and void than that required by our prior decisions.

Because we conclude the trial court applied the incorrect standard of proof, we reverse the trial court's determination and remand this case for further proceedings consistent with this opinion. See O'Hara v. O'Hara, 45 Va. App. 788, 795, 613 S.E.2d 859, 863 (2005) (vacating a trial court's holding and remanding the case for reconsideration using the correct standard of proof).

## III. CONCLUSION

Because the record reveals that the trial court applied the incorrect standard of proof in this case, we reverse and remand this case for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>

McClanahan, J., dissenting.

I disagree that the trial court applied an incorrect standard of proof. The majority conflates the burdens of proof applicable to an agreement presented for incorporation in a party's case in chief under Code § 20-109.1 and an affirmative defense pled.

Each party filed a motion to incorporate a settlement agreement pursuant to Code § 20-109.1. Such settlement agreements are governed by the same principles applicable to contracts in general. See, e.g., Shenk v. Shenk, 39 Va. App. 161, 571 S.E.2d 896 (2002). "[T]here is no presumption of a contract." Mullins v. Mingo Lime & Lumber Co., 176 Va. 44, 49, 10 S.E.2d 492, 493 (1940). Rather, "the making of the contract, or the representations on which the contract is based, must be established by a preponderance of the evidence." Id. As such, "the party asserting the existence of [a settlement] agreement bears the burden of persuasion to prove its existence," Baldwin v. Baldwin, 44 Va. App. 93, 99 n.1, 603 S.E.2d 172, 174 n.1 (2004), by a preponderance of the evidence.

The trial court ruled wife failed to meet her burden of proving the existence of the agreement she moved to incorporate into the divorce decree and ruled husband carried his burden of proof. The majority's view presupposes that wife carried her burden of proof on the first inquiry— whether her agreement was valid on its face. See Forrest v. Forrest, 3 Va. App. 236, 240, 349 S.E.2d 157, 160 (1986). The court's factual findings clearly indicated otherwise.

Although wife responded to husband's motion by averring husband fraudulently altered the parties' agreement he presented for incorporation, fraud is an affirmative defense she was required to prove by clear and convincing evidence. Langman v. Alumni Ass'n, 247 Va. 491, 502, 442 S.E.2d 669, 677 (1994). Contrary to this principle, the majority holds that husband was required to prove the document wife sought to incorporate was obtained by fraudulent means. There was no

burden on husband to prove forgery—an affirmative defense never pled by him. Accordingly, I disagree with the rationale adopted by the majority for reversing the judgment of the trial court.