COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Annunziata and Clements
Argued at Alexandria, Virginia


KENNETH R. FOX
                                              OPINION BY
v.   Record No. 2899-02-4     CHIEF JUDGE JOHANNA L. FITZPATRICK
                                            JUNE 17, 2003
WENDY R. FOX


            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                  Benjamin N. A. Kendrick, Judge

          Matthew A. Pavuk (Johnson & Pavuk, on
          briefs), for appellant.

          Denman A. Rucker (Jason S. Rucker; Rucker &
          Rucker, on brief), for appellee.


     In this domestic appeal, husband seeks relief from an order

of the trial court denying him permission to file a motion

seeking relief.  Husband contends the trial court abused its

discretion in (1) refusing to hear his motion and grant him the

requested relief and (2) imposing sanctions on his counsel in

the amount of $2,500.  Husband further argues that the sanction

imposed was arbitrary and capricious and that the trial judge

should recuse himself upon remand.

                         I.  Background

     On October 4, 2002 the trial court denied husband's motion

for permission to file a motion seeking relief in the trial

court.  Specifically, husband sought to have payments made to

wife in a receivership proceeding credited to his support

arrearage account maintained by the Division of Child Support Enforcement (DCSE). Husband contends that due process required the trial court to permit him to file the motion and grant him the affirmative relief he sought. However, the trial court previously ordered that before husband could file any pleadings he must first personally appear and post a $25,000 bond because husband was in contempt of court. Husband filed the instant motion without complying with the trial court's earlier sanction. See Fox v. Fox, Record No. 0669-99-4 (Va. Ct. App. March 28, 2000); Fox v. Fox, Record No. 0721-97-4 (Va. Ct. App. March 17, 1998).

A brief review of the history of the instant case suffices to put the current controversy in perspective. Husband filed a bill of complaint for divorce in the trial court on February 2, 1996. Wife filed a cross-bill on February 21, 1996. The trial court ordered husband to pay pendente lite child support and alimony and make the mortgage and insurance payments on the marital home. Husband failed to make the ordered payments. Moreover, husband refused to provide wife with any discovery materials. In the subsequent months, the trial court ordered husband repeatedly to show cause why he should not be held in contempt for his failure to pay support or to cooperate with wife's discovery requests. Husband failed to appear in the trial court on numerous occasions; refused to make any support payments; failed to provide any discovery and made affirmative

-

efforts to secret assets and documents to thwart wife's efforts to identify marital assets; failed to appear for deposition; and left the country to avoid the trial court's jurisdiction.[1] As a result of husband's ongoing contumacious behavior, the trial court barred him from presenting evidence at the final divorce hearing and from filing any motions with the trial court until he personally appeared.

The parties were divorced by final decree on April 9, 1997. The final decree awarded wife sole custody of the parties' minor children; child support in the amount of $7,050 per month; a monetary award of $1,450,000; a judgment for arrearages in alimony of $24,979; and established the child support arrearage as $39,066. In addition, the final decree found husband in contempt of court for his failure to pay child support, alimony, and the mortgage and insurance on the marital home. Husband appealed the divorce decree, claiming the trial court denied him due process and challenged the child support and equitable distribution awards. This Court affirmed the trial court's awards in a memorandum opinion. See Fox, Record No. 0721-97-4. In addition, we held that the non-participation sanction did not violate husband's due process rights. See id., slip op. at 7.

_____

[1] There is an extensive discussion of husband's contemptuous actions in the memorandum opinion from the first appeal in this case. See Fox, Record No. 0721-97-4.

-

Approximately a year and a half later, husband sought permission to file a motion for relief, including a motion to correct the child support arrearage and to modify child support. The trial court denied husband's motion until he appeared personally and posted a $25,000 bond with the trial court. Again, husband appealed the trial court's order. Husband argued that the trial court was without authority to impose the non-participation sanction in post-trial proceedings. This court upheld the post-trial sanction in a memorandum opinion. See Fox, Record No. 0669-99-4. We again held that husband's continued contumacious conduct and the fact that he remained in contempt of court warranted the post-trial sanction. See id. Husband did not seek any further relief from the trial court at that time.

In a separate, but related action, the trial court appointed a special receiver to manage the affairs of a corporate entity, Interlase, in which husband was the majority shareholder. Wife asserted a claim against Interlase's assets for monies due her as a result of her divorce monetary award and the support orders. The special receiver classified and prioritized all claims against Interlase and made approximately ten court-approved disbursements to Interlase creditors, including wife. In his report to the trial court, the special receiver explained that he gave wife priority within her subclass of creditors because her "judgment" against husband was

-

"for alimony and support, etc."  To date, wife has received $432,390.26 in payments from the special receiver while the amount listed as owed to her on the receiver's report was $1,811,029.01.  As far as can be determined from the record, Interlase is still in receivership and payments are still being made to Interlase's creditors, including wife.

On September 13, 2002, husband again requested permission to file a motion in the trial court seeking relief without either personally appearing or posting the requisite $25,000 bond.[2]  Specifically, husband wanted to have payments made to wife through the receivership distributions credited to his child support and alimony arrearages with DCSE.  Husband contends that the amounts wife has received from the special receiver discharged his arrearage and that he should receive credit with DCSE for those payments.  The trial court again denied husband permission to file a motion requesting affirmative relief until he personally appeared and posted the required bond.  In addition, the trial court sanctioned husband's counsel $2,500.  Husband appeals.

---

[2] The trial court's order stated that husband was "required to submit $25,000 to the Clerk of the Circuit Court of Arlington County prior to the filing of any further motions." Furthermore, the "Clerk of the Circuit Court of Arlington shall hold the sum of $25,000 as security for [wife's] attorney's costs and fees, and sanctions awarded against [husband] in the event that [husband] should file further motions not in compliance with this Order or any previous [sic] entered Orders of this Court."

II.  Due Process

A.  Non-Participation Sanction

First, husband contends the trial court erred by refusing to let him file a motion seeking credit for payments to wife from the receivership that purged his earlier contempt.  Husband claims that due process dictates that he be allowed to file the motion, or he will not receive credit with DCSE for the receivership payments and thus cannot purge the contempt finding.[3]

"'[W]ithin the limits of practicability' . . . a State must afford to all individuals a meaningful opportunity to be heard if it is to fulfill the promise of the Due Process Clause." Blinder & Co. v. State Corp. Comm., 227 Va. 24, 28, 313 S.E.2d 652, 654 (1984) (quoting Boddie v. Connecticut, 401 U.S. 371, 379 (1971)).  "A day in court, an opportunity to be heard, is an integral part of due process of law, everywhere recognized." Burts v. Burts, 227 Va. 618, 620, 316 S.E.2d 745, 746 (1984) (quoting Moore v. Smith, 177 Va. 621, 626, 15 S.E.2d 48, 49 (1941)).

> It is clear, however, that . . . the key word is "opportunity."  In the context of the type of case now under consideration, due process requires only that, before sanctions may be imposed upon a party, the opportunity for a hearing must be provided, not that the party must "actually have a hearing on the merits."

---

[3] The parties' children are both emancipated and wife has remarried, so there is no ongoing duty of support.

-

Blinder, 227 Va. at 28, 313 S.E.2d at 354 (quoting Boddie, 401 U.S. at 378) (emphasis in original).

The record clearly shows that husband was afforded an opportunity to be heard prior to the trial court's imposition of the non-participation sanction. We previously determined that husband "was afforded ample notice and opportunity to [participate in the proceedings]. Instead, he deliberately and willfully elected to ignore the trial court's repeated commands that he answer for his refusal to pay support and that he comply with discovery orders. Thus, he elected not to participate in the proceedings." Fox, Record No. 0721-97-4, slip op. at 8. Furthermore, we held that the trial court's imposition of the post-trial sanction was appropriate in this case. Husband could not "pick and choose the proceedings in which he will participate and, thereby, . . . obtain a tactical advantage." Fox, Record No. 0669-99-4, slip op. at 8. Thus, because husband "was accorded all the rights and privileges owed to him," there has been no violation of his due process rights. Steinberg v. Steinberg, 21 Va. App. 42, 47, 461 S.E.2d 421, 423 (1995).

Moreover, under the law of the case doctrine, this Court, the trial court and the parties are bound by our previous determination that husband must abide by the trial court's non-participation sanction before he may bring any motion before the trial court. Rowe v. Rowe, 33 Va. App. 250, 261, 532 S.E.2d 908, 914 (2000).

-

"The [law of the case] doctrine, briefly
stated, is this: Where there have been two
appeals in the same case, between the same
parties, and the facts are the same, nothing
decided on the first appeal can be
re-examined on a second appeal.  Right or
wrong, it is binding on both the trial court
and the appellate court, and is not subject
to re-examination by either."

American Filtrona Co. v. Hanford, 16 Va. App. 159, 164, 428
S.E.2d 511, 514 (1993) (quoting Steinman v. Clinchfield Coal
Corp., 121 Va. 611, 620, 93 S.E. 684, 687 (1917)).  No further
appeal was taken of our earlier orders.  Thus, under the law of
this case husband must first satisfy the pre-conditions before
the question of credit for any payments made[4] is properly before
the trial court.  Once he has done so, he may present his
arguments to the trial court that the sanction is no longer
necessary.

## B.  Credit for Payments

Next, husband contends that due process required the trial
court to order DCSE to credit his account for the payments the
special receiver made to wife; dismiss the contempt citations;
and discharge the support and alimony judgments against him.
Wife disputes that the monies paid were solely support related,
noting that the total amount of her judgment is in excess of the
amount paid.

---

[4] There is a factual dispute between the parties whether the
payments from the special receiver were for support or part of
wife's monetary award from the equitable distribution.

-

The trial court did not rule on the merits of husband's underlying motion seeking relief and has made no factual determination on this point.  Rather the trial court denied permission to file the motion until husband meets the threshold requirements of the non-participation sanction.  There remains a question of fact that the trial court has not had an opportunity to determine.  "We are not the fact-finders and an appeal should not be resolved on the basis of our supposition that one set of facts is more probable than another."  Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992).  Accordingly, we do not address husband's second assignment of error.

### III.  Sanctions

Next, husband contends that the trial court misapplied the standards of Code § 8.01-271.1 in sanctioning counsel.  We disagree.

Code § 8.01-271.1 provides that if a pleading or motion violates its provisions,

> the court, upon motion or upon its own initiative, shall impose upon the person who signed the paper or made the motion, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper or making of the motion, including a reasonable attorney's fee.

"In reviewing a trial court's award of sanctions under Code § 8.01-271.1, we apply an abuse of discretion standard."  Flippo

-

v. CSC Associates, 262 Va. 48, 65-66, 547 S.E.2d 216, 227 (2001) (citing Gilmore v. Finn, 259 Va. 448, 466, 527 S.E.2d 426, 435-36 (2000)); see also Nedrich v. Jones, 245 Va. 465, 471-72, 429 S.E.2d 201, 204 (1993). "A court's ability to punish a litigant for noncompliance with its orders is 'essential to the proper administration of the law, to enable courts to enforce their orders, judgments and decrees.'" Ange v. York/Poquoson DSS, 37 Va. App. 615, 624, 560 S.E.2d 477, 478 (2002) (quoting Steinberg, 21 Va. App. at 46, 461 S.E.2d at 423).

The non-participation sanction that the trial court previously imposed and has been upheld in two appeals, clearly states that there are two prerequisites husband must satisfy before he can come into court. Husband must: (1) personally appear and (2) post a $25,000 bond with the Clerk of Court. The specific purpose of the bond requirement was to ensure funds would be available "for [wife's] attorney's costs and fees, and sanctions awarded against [husband], in the event that [husband] should file further motions not in compliance with this Order or any previous [sic] entered Orders of this Court." This extraordinary step was necessary because husband has effectively rendered himself judgment proof by fleeing the jurisdiction and hiding his assets.

Counsel was aware of the non-participation sanction requirements because he represented husband when they were

-

imposed in 1999. Counsel also represented husband in his second appeal to this Court, in which we affirmed the sanction. Nevertheless, counsel filed the instant motion without first meeting the requirements of the non-participation sanction. Therefore, we conclude that the trial court did not abuse its discretion in imposing sanctions against counsel. The creation of a new legal theory does not per se negate a finding of "improper purpose" under the statute.

Husband further argues that the record fails to reflect a "reasonable basis" for the sanction. At the conclusion of the hearing in the trial court, wife sought sanctions. The following colloquy occurred:

> [WIFE'S COUNSEL]: I would ask the Court to sanction and I think an appropriate sanction would be 10 percent of the $25,000.
>
> THE COURT: That motion is granted.

The record reflects that the trial court initially set $25,000 as the appropriate amount of money necessary to guard against the exact possibility reflected in this instance. Thus, we cannot say that awarding a portion of that amount was arbitrary and capricious under the circumstances. See Cardinal Holding Co. v. Deal, 258 Va. 623, 632, 522 S.E.2d 614, 620-21 (1999) (Code § 8.01-271.1 permits not only recovery of reasonable attorney's fees and costs; but also provides for "punishment and deterrence."). Accordingly, we affirm the trial court's award of sanctions.

-

–

IV.  Recusal

Lastly, husband contends that we should order the trial judge to recuse himself because he "is biased."  Wife argues that husband is attempting to "judge-shop" in hopes of securing a more favorable result.  Husband failed to raise this issue in the trial court.  We are therefore barred from considering this request on appeal.  Rule 5A:18; see also Shoustari v. Zamani, 39 Va. App. 517, 520, 574 S.E.2d 314, 316 (2002).

"Decisions regarding a judge's impartiality are to be made by the judge in the exercise of his or her discretion and will be reversed on appeal only upon a finding that the court abused its discretion in deciding the question."  Scott v. Rutherfoord, 30 Va. App. 176, 189, 516 S.E.2d 225, 232 (1999).  Accordingly, husband must raise this issue in the trial court.

V.  Sanctions and Attorney Fees on Appeal

Lastly, wife asks for sanctions and attorney fees in this appeal.  Upon consideration of the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees incurred in this appeal.  Northcutt v. Northcutt, 39 Va. App. 192, 201, 571 S.E.2d 912, 916 (2002); Wright v. Wright, 38 Va. App. 394, 408, 564 S.E.2d 702, 709 (2002).  Accordingly, we remand for an award of attorney's fees incurred in this appeal.

Affirmed and remanded.

-