COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judge Clements and Senior Judge Willis
Argued at Alexandria, Virginia


CURT C. F. WOLTERS

                                                MEMORANDUM OPINION* BY
v.      Record No. 0106-03-4          CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                    NOVEMBER 12, 2003

SYLVANA WOLTERS


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Robert W. Wooldridge, Jr., Judge

Philip F. Hudock for appellant.

David M. Levy (Surovell, Markle, Isaacs, & Levy, PLC, on brief),
for appellee.


Curt Wolters (husband) contends the trial court erred in awarding *pendente lite* spousal

and child support to Sylvana Wolters (wife) and ordering that the parties' assets be frozen during

the pendency of their divorce pursuant to Code § 20-103(A)(vii).  Appellant argues that by

wrongly imputing income to him which required him to seek additional employment after

retirement, the order became an "injunction" and subject to an immediate appeal.  We disagree.

I.  BACKGROUND

On August 15, 2002, wife filed a bill of complaint for divorce and a motion for *pendente*

*lite* support for herself and her thirteen-year-old son.  On October 15, 2002, husband filed an

answer asserting that he was a resident of the state of Washington, not Virginia.

--------
* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On November 14, 2002, a hearing on wife's request for *pendente lite* relief was held, and the trial court took the matter under advisement. On November 18, 2002, the trial court, after imputing his pre-retirement income to husband, awarded wife spousal and child support and froze the assets of the parties pending the divorce. On December 30, 2002, the trial court entered an order reflecting these rulings, and it is from this order that husband now appeals.

On appeal, we view the evidence in the light most favorable to the appellee. Pinkard v. Pinkard, 12 Va. App. 848, 850, 407 S.E.2d 339, 340 (1991). The parties were married in 1989, and have one son, age thirteen. After working for over 23 years as a developmental economist with the U.S. Agency for International Development of the Department of State, husband retired on July 31, 2002 and moved to his home state of Washington. He remained unemployed as of the date of the *pendente lite* hearing.

Prior to retirement, husband's income was $109,546. After retirement, his income decreased to $53,652. This included $47,904 from a federal pension and $5,748 in Social Security benefits. Wife earns $22,714 annually as a patient registration representative with INOVA Fairfax Hospital. At the *pendente lite* proceeding, both parties testified as to support and preservation of assets issues and submitted a Fairfax County Guideline Support Worksheet and Monthly Income and Expense Worksheet.

In imputing additional income to husband, the trial court found that he "did not have to retire" and that he had the "obligation of a 12 year old child." Additionally, the trial court found that "[husband] has far greater assets available to him. His inability to account for how he used some of those assets is of concern to me." He then imputed appellant's amount of pre-retirement income and stated: "I'm giving him an additional 30 days to find employment to supplement his retirement."

## II. Appeal from a *Pendente Lite* Award

Husband argues that in effect, the trial court issued a mandatory injunction when it "required" him to work and earn the difference between his current and pre-retirement income. Because an interlocutory appeal may be taken from an injunction under Code § 17.1-405, he contends that his appeal is proper. This argument is without merit. The language used by the trial court does not change a *pendente lite* support award into an injunction.

Both the Virginia Supreme Court and this Court have consistently held that *pendente lite* support orders are interlocutory in nature and subject to modification during the pendency of the divorce dispute. Under Code § 17.1-405, there is no appeal from an interlocutory order unless it grants, dissolves, or denies an injunction, or adjudicates the principles of a cause. The appeal of a claim of inadequacy of a *pendente lite* award in a divorce action is not an appeal from a "final order" or from an order "granting, dissolving or denying an injunction" or "adjudicating the principles of a cause," because it does not "respond to the chief object of the suit," and is therefore not appealable under this section. Pinkard, 12 Va. App. at 851, 407 S.E.2d at 341; see also Beatty v. Beatty, 105 Va. 213, 53 S.E. 2 (1906). Interlocutory decrees made pursuant to Code § 20-103 "have no presumptive effect and shall not be determinative when adjudicating the underlying cause."

The necessity that husband find work or use other assets to pay court-ordered support arises from the fact that he must make support payments based on his imputed income of $109,546. The trial court observed that he would need to find work to make his support payments. This observation is reflected in the order:

> To pay support at the level provided in this Order, the Defendant is required to obtain employment, and earn approximately $50,000 per annum (above his pension and Social Security benefit).

The trial court's statement recognized the nature of husband's obligation at the proceeding ordering *pendente lite* support: "I know as a practical matter that means in order to achieve the income that I have imputed to him, he has to get a job that pays $50,000, in essence, on top of the retirement pay he receives."

Appellant's reliance on Pinkard is misplaced. The plaintiff husband in that case appealed a judgment granting him *pendente lite* support, and ordering him to vacate the marital residence during the pending divorce. Contrary to husband's position, we held that the *pendente lite* award of spousal support was interlocutory and thus not appealable, and addressed only the vacation of the marital residence. Further, appellant cites no authority for the proposition that the trial court's "requirement" that he obtain employment is itself an injunction. Because the *pendente lite* order is interlocutory and unappealable, we need not address appellant's additional arguments. Thus, we dismiss the appeal of this issue.

### III. Preservation of Assets

Additionally, husband argues that the trial court's order freezing the parties' assets pursuant to Code § 20-103(A)(vii) was also an improper injunction. He contends that the freeze order is unenforceable because it would prevent the enjoined parties from paying living expenses, and fails to clearly state the "precise duties" of the parties. Assuming, without deciding, that this issue was properly preserved (see Rule 5A:18), we find that the trial court did not abuse its discretion in issuing the freeze order.[1]

Under Code § 20-103(A)(vii), the trial court has discretion to issue an order to preserve the estate of either spouse pending suit. The record reflects that the trial court was concerned

---

[1] Wife conceded on brief that this issue was properly before the court, so we address it. However, see Rule 5A:18.

- 4 -

with husband's dissipation of assets before trial.  Husband withdrew $47,000 and $10,000 from a single account after his retirement.  He purchased a pickup truck and paid $11,000 in dental fees for a child not of the marriage who lived with him in Washington.  For these reasons, the trial court's order to preserve the parties' assets pending trial was justified.

Wife requested an additional sum of attorney fees relating to this appeal.  "The key to a proper award of counsel fees is reasonableness under all the circumstances."  Joynes v. Payne, 36 Va. App. 401, 429, 551 S.E.2d 10, 29 (2001) (citing McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985)).  Upon consideration of the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees incurred in this appeal.  Accordingly, we remand to the trial court for an award of attorney's fees incurred in this appeal.  See Fox v. Fox, 41 Va. App. 88, 99, 581 S.E.2d 904,  909 (2003).

Accordingly, we dismiss the appeal of the *pendente lite* order, affirm the judgment of the trial court directing the preservation of assets and remand for a determination of attorney's fees.

Dismissed, in part,
affirmed, in part, and
remanded, in part.