COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, McClanahan and Senior Judge Willis
Argued at Chesapeake, Virginia


RONALD McCALLUM

                                             OPINION BY
v.        Record No. 0139-06-1                          JUDGE D. ARTHUR KELSEY
                                             NOVEMBER 7, 2006

GILBERTO SALAZAR, JR., AND
 KATHLEEN JOANNE SALAZAR


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
H. Thomas Padrick Jr., Judge

Gary B. Allison for appellant.

Samuel R. Brown, II (Kaufman & Canoles, P.C., on brief),
for appellees.


Ronald McCallum appeals the trial court's dismissal of his amended petition to vacate an
adoption order. Allegedly entered without his knowledge, that order authorized the adoption of
his child by the biological mother's husband. In the trial court, McCallum claimed the mother
committed extrinsic fraud during the adoption proceeding by misleading the court into believing
McCallum could not be located and thus could be given constructive notice by publication
service. Without ruling on the factual merits of McCallum's claim, the trial court dismissed the
amended petition on the ground that Code § 63.2-1216 barred the claim as untimely. We reverse
and remand the case for further factfinding by the trial court consistent with this opinion.

I.

In July 1999, the trial court entered a final adoption order permitting the husband
(Gilberto Salazar, Jr.) of the child's mother (Kathleen Salazar) to adopt her then four-year-old
child. The order recited that McCallum, the noncustodial, biological father of the child, received
only constructive notice of the adoption proceeding by order of publication. The court

proceeded by publication notice in reliance on a report by the Department of Social Services that recited the mother's representation that she did not know McCallum's whereabouts.

Five years later, McCallum filed a petition to vacate the final adoption order as void. In his petition, McCallum alleged that the child's mother perpetrated a fraud on the court by deliberately misrepresenting that she did not know his whereabouts. McCallum also claimed he knew nothing about the adoption until October 2002.

The Salazars filed a demurrer and a separate special plea seeking a dismissal of the petition under Code § 63.2-1216, which requires all such petitions to be filed within six months of the final adoption order. The trial court granted the demurrer but did not specifically address the special plea. In response, McCallum filed an amended petition that included additional allegations concerning his efforts at maintaining a relationship with the child prior to the adoption. Raising again the time bar of Code § 63.2-1216, the Salazars filed a demurrer and a separate special plea to the amended petition. The trial court entered an order overruling the second demurrer and granting leave to the Salazars to file responsive pleadings within twenty-one days. Once again, however, the order did not address the pending special plea.

At trial, McCallum asked the court to find the Salazars in default for not filing an answer to the amended petition. After the Salazars pointed out that their special plea was still pending, the court denied the default request. McCallum then presented evidence in support of his claim that Kathleen Salazar committed extrinsic fraud that prevented him from receiving actual notice of the adoption proceeding. McCallum also offered evidence seeking to establish his *bona fide* interest in the child as well as his prior efforts at accepting parental responsibility.

At the close of McCallum's case in chief, the trial court reviewed "the evidence in the light most favorable to the father" and found that McCallum first discovered the alleged fraud in October 2002. The trial court then found that "even if — and the court doesn't find — even if

- 2 -

the mother had committed actual fraud, extrinsic or intrinsic," McCallum filed his initial petition to vacate more than six months after first learning of the alleged fraud.[1]  Relying on Code § 63.2-1216's statutory bar, the trial court granted the Salazars' motion to strike and dismissed the amended petition.

## II.

On appeal, McCallum raises two issues.[2]  He first argues that the trial court erred in not holding the Salazars in default and thereafter treating as conceded all factual allegations in the amended petition to vacate.  Second, McCallum contends the trial court's application of Code § 63.2-1216's time bar at the motion to strike stage cannot be reconciled with F.E. v. G.F.M., 35 Va. App. 648, 547 S.E.2d 531 (2001) (*en banc*).  We disagree with McCallum on his first argument but agree with him on his second.

### A.  RESPONSIVE PLEADINGS & DEFAULTS

McCallum claims that the Salazars were in default by not filing a responsive pleading after the trial court overruled their demurrer.  This argument overlooks the fact that their special plea to the amended petition was still pending at the time of trial.  Under Virginia law, a special "plea, whether at law or in equity, is a discrete form of defensive pleading."  Nelms v. Nelms, 236 Va. 281, 289, 374 S.E.2d 4, 9 (1988).  A special plea asserts "a single state of facts or

---

[1] Clarifying this ruling, McCallum's counsel confirmed that the trial court had "made no finding as to whether there was extrinsic fraud or not" based on the evidence presented.

[2] In his questions presented, McCallum's appellate brief also asserts that the trial court erroneously sustained an objection to evidence of settlement discussions between the parties a few months before the *ore tenus* hearing in the trial court.  McCallum's argument section of his brief, however, includes only a single sentence mentioning this point.  Rule 5A:20(e) requires an appellant's brief to include, among other things, the "principles of law, the argument, and the authorities relating to each question presented."  "Statements unsupported by 'argument, authority, or citations to the record' do not merit appellate consideration."  Boyd v. County of Henrico, 42 Va. App. 495, 506 n.6, 592 S.E.2d 768, 773 n.6 (2004) (*en banc*) (citations omitted).

circumstances" that, if proven, "constitutes an absolute defense to the claim." Id.[3] The trial court, therefore, correctly denied McCallum's request for an entry of default and properly refused to treat the factual allegations in the amended petition as admitted.

## B. THE SIX-MONTH BAR OF CODE § 63.2-1216

F.E. held that "nothing in Code § 63.1-237 [now Code § 63.2-1216] implies that the statute of limitation is to begin running on the date on which the fraud was or should have been discovered." F.E., 35 Va. App. at 669, 547 S.E.2d at 541. "Rather, the statute expressly refers to the 'expiration of six months from the date of entry of any final order of adoption from which no appeal has been taken.'" Id. (quoting Code § 63.1-237). "The General Assembly was free to create a discovery rule when it drafted the statute, but it did not do so." Id. Applying the statute this way, F.E. reasoned, "would actually serve to rewrite the statute to impose an additional requirement to bar claims in a way which could not reasonably have been foreseen by those to whom it purportedly applies." Id. at 669 n.7, 547 S.E.2d at 542 n.7.

The trial court erred in holding that Code § 63.2-1216 barred claims filed more than six months from the discovery of the alleged fraud. This erroneous holding, therefore, did not moot the necessity of the trial court deciding (i) whether McCallum asserted a viable extrinsic fraud claim justifying a collateral attack on the adoption order, or (ii) whether the intended application of Code § 63.2-1216, as applied to McCallum's fraud claim, violated his procedural due process rights. The first issue requires the trial court to determine if McCallum proved extrinsic fraud by clear and convincing evidence, see Gulfstream Bldg. Assocs. v. Britt, 239 Va. 178, 183, 387

---

[3] See also Cooper Industries v. Melendez, 260 Va. 578, 594-95, 537 S.E.2d 580, 590 (2000) ("plea in bar is a defensive pleading" (citation omitted)); 1 Charles E. Friend, Virginia Pleading & Practice § 8-1(d), at 271 (1998); Kent Sinclair & Leigh B. Middleditch, Jr., Virginia Civil Procedure § 9.8, at 400 (3d ed. 1998); W. Hamilton Bryson, Virginia Civil Procedure 273 (3d ed. 1997).

S.E.2d 488, 491 (1990), and satisfied all other requirements for the equitable remedy he seeks, see generally Ryland v. Manor Care, Inc., 266 Va. 503, 508-09, 587 S.E.2d 515, 518-19 (2003).[4] The second issue, McCallum's as-applied due process challenge to Code § 63.2-1216, depends on a threshold showing that he had an "actual relationship of parental responsibility" with the child, not just a "mere biological relationship." F.E., 35 Va. App. at 663, 547 S.E.2d at 538 (quoting Lehr v. Robertson, 463 U.S. 248, 259-60 (1983)).[5] Because the record reveals no factual findings on these issues, we remand the case for the trial court to address them.

III.

The trial court correctly refused to find the Salazars in default and to treat the allegations in McCallum's amended petition as conclusively admitted. The trial court, however, erred in dismissing McCallum's amended petition on the ground that Code § 63.2-1216 barred claims filed more than six months after discovery of the alleged fraud. For these reasons, we reverse and remand the case for further factfinding consistent with this opinion.

Reversed and remanded.

---

[4] See also O'Neill v. Cole, 194 Va. 50, 57-61, 72 S.E.2d 382, 386-88 (1952) (holding that the doctrine of laches applies to collateral attacks alleging extrinsic fraud); accord T.S. v. L.F. (In re S.L.F.), 27 P.3d 583, 589 n.4 (Utah Ct. App. 2001) ("even if due process entitles Father to contest the adoption after a final decree was entered, it does not follow that Father's right to contest the adoption is unlimited by time constraints" or is somehow immune from "equitable principles such as laches" (citations omitted)).

[5] This requirement speaks not of a "potential relationship," but an "already-established" parent-child relationship in which the biological parent has demonstrated his or her "full commitment to the responsibilities of parenthood." F.E., 35 Va. App. at 663-64, 547 S.E.2d at 538-39. As F.E. explains: "Our holding is *expressly limited* to the facts alleged in this case" including the fact that "the biological father had an established relationship with his child" and that "the nature of the father's relationship with the child did not change until after the statute of limitation had run . . . ." Id. at 667 n.6, 547 S.E.2d at 540 n.6 (emphasis added).