COURT OF APPEALS OF VIRGINIA

Present:    Judges Frank, Kelsey and McClanahan
Argued in Chesapeake, Virginia


DANIELLE NICHOLE HUGHES

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1530-10-1                       JUDGE D. ARTHUR KELSEY
                                                         MARCH 8, 2011
DANIEL NICHOLAS HUGHES AND
  LINDA SMITH HUGHES


              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                           Mary Jane Hall, Judge

          Danielle Hughes, *pro se*.

          Gary B. Allison (Kevin Diamonstein, Guardian *ad litem*;
          Gary B. Allison, P.C.; Patten, Wornom, Hatten &
          Diamonstein, on brief), for appellees.


        Appearing *pro se* on appeal, Danielle Nichole Hughes challenges a circuit court order

authorizing, over her objection, the adoption of her daughter by appellant's father and

stepmother.  Based upon the limited record before us, we affirm.

                                            I.

        As an appellate court, we review the evidence "in the 'light most favorable' to the

prevailing party in the circuit court and grant to that party the benefit of 'all reasonable

inferences fairly deducible therefrom.'"  Toms v. Hanover Dep't of Soc. Servs., 46 Va. App.

257, 262, 616 S.E.2d 765, 767 (2005) (citation omitted).[1]  In addition, "[u]nder basic principles

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] We also limit our review to that portion of the evidentiary record "relevant to the issues
presented in this appeal."  Raytheon Technical Servs. Co. v. Hyland, 273 Va. 292, 296, 641
S.E.2d 84, 86 (2007), rev'd on other grounds, 277 Va. 40, 670 S.E.2d 746 (2009); see also

of appellate review, we may not go beyond the record developed in the trial court." Boyd v. Cnty. of Henrico, 42 Va. App. 495, 505 n.4, 592 S.E.2d 768, 773 n.4 (2004) (*en banc*); see also John v. Im, 263 Va. 315, 320, 559 S.E.2d 694, 697 (2002).  Items included in the appendix but not found within the trial court record cannot be considered by an appellate court. See Albert v. Albert, 38 Va. App. 284, 291 n.2, 563 S.E.2d 389, 392 n.2 (2002).

Circumscribed by these important limitations, the record reveals that appellant's father and stepmother filed a petition in the juvenile court seeking to adopt appellant's child.  Child Protective Services had earlier removed the child, shortly after birth, from appellant's custody based upon a finding of abuse and neglect. See Appellant's Br. at 7; Trial Tr. at 6-7.  The juvenile and domestic relations district court awarded permanent custody of the child to appellant's father and stepmother.

A court-ordered home study reported favorably on the adoptive couple's ability to parent the child.  The home study also noted appellant's history of drug addiction, bipolar psychiatric disorder, and suicide attempts.  The child, the report stated, had tested positive at birth for cocaine and marijuana. See Appellant's Br. at 6 (conceding "substance abuse" and the presence of "cocaine and marijuana" in the infant at birth).  Upon review of the evidence, including the home study and the recommendation of the guardian *ad litem* that the juvenile court authorize the adoption over appellant's objection, the juvenile court held that appellant and the child's biological father withheld their consent to the adoption contrary to the child's best interests. See Code §§ 63.2-1203, -1205.  Appellant appealed the juvenile order to the circuit court.

Appellant's father and stepmother filed a separate petition for adoption in the circuit court, attaching the home study as an exhibit.  The circuit court entered an order consolidating

---

Fairfax Cnty. Redev. v. Worcester Bros., 257 Va. 382, 384, 514 S.E.2d 147, 148 (1999); Taylor v. Taylor, 27 Va. App. 209, 212, 497 S.E.2d 916, 917 (1998).

the new petition and appellant's *de novo* appeal of the juvenile court's order. The circuit court also issued a notice scheduling the trial of the consolidated cases to occur on April 19, 2010. On that date, the petitioners (appellant's father and stepmother), their counsel, the guardian *ad litem* for the child, and appellant's counsel appeared before the circuit court. Appellant did not appear.

The petitioners' counsel explained to the circuit court that appellant "knew that the court date was to be today" but chose not to appear, deciding instead to remain in an out-of-state drug rehabilitation program and to ask, through counsel, for a continuance. The petitioners' counsel then proffered the evidence contained in the juvenile court transcripts. This evidence showed the child was born with cocaine and marijuana in her system, and recounted appellant's "long history of drug abuse and psychiatric problems," see Trial Tr. at 3, including her confinement in a psychiatric center after a suicide attempt, id. at 5-6. The guardian *ad litem* reported his favorable findings concerning the child's care in the petitioners' home.

The circuit court asked appellant's counsel to explain appellant's absence. Counsel answered that appellant was enrolled in an outpatient substance abuse program.[2] The court asked, "so she could have been here today?" Id. at 7. "Right," counsel replied. Id. Counsel added that appellant was "requesting a continuance." Id. at 8. Counsel for the petitioners asked the court to deny the request and decide the case on the proffered evidence, the information in the home study, and the factual findings in the report of the guardian *ad litem*. The circuit court agreed and entered two orders.

The first order, entered on April 19, 2010, stated the court relied upon "the home study and the other evidence before the Court" and held, among other things, that appellant had abandoned the child pursuant to Code § 63.2-1202(H) and that clear and convincing evidence

---

[2] Counsel alluded to two letters she received from drug treatment programs. Neither letter was offered into evidence, marked as an exhibit, or otherwise included in the circuit court record.

proved appellant withheld her consent to the adoption contrary to the best interests of the child under Code § 63.2-1205.[3] The order expressly denied appellant's motion for a continuance. On May 24, 2010, the court entered a second order, entitled "Final Order of Adoption." It, too, noted the court's denial of the motion for a continuance. The order reflected additional findings that "a continuing relationship with the birth mother would be detrimental to the child" and "the best interests of the child will be served by the entering of a Final Order of Adoption."

Between the entry of the first and second orders, appellant filed in the circuit court a *pro se* notice of appeal and a "letter of appeal" consisting of three typed, single-spaced pages.[4] The letter described in great detail the history of the proceedings and appellant's efforts toward rehabilitation, but did not assert that counsel advised appellant not to attend the circuit court hearing. At no point after the April 19, 2010 hearing did appellant ask the circuit court to rehear the case, reconsider its decisions, or vacate any of its prior orders. See Rule 1:1. Nor did appellant ever make the circuit court aware of her allegation that counsel advised her not to attend the trial or assert the continuance should have been granted for that reason.

## II.

On appeal, appellant asserts three assignments of error. First, she argues the circuit court "failed to rule" on her continuance motion and failed to take into consideration that she could not

_____

[3] On brief, appellant states the circuit court "dismissed" her *de novo* appeal of the juvenile court order. See Appellant's Br. at 4. The court's orders, however, show that the court considered the evidence and addressed the merits of the case.

[4] "Rule 5A:6(a) provides that no appeal 'shall be allowed' unless a notice of appeal has been filed within 30 days 'after' the appealable order. We have recognized an exception to this rule in cases where the appellant files the notice of appeal after the pronouncement of judgment, but before the formal entry of the judgment order." Alliance to Save the Mattaponi v. Va. Marine Res. Comm'n, 43 Va. App. 724, 727, 601 S.E.2d 684, 685-86 (2004); see also Rule 5A:6(a) ("A notice of appeal filed after the court announces a decision or ruling — but before the entry of judgment or order — is treated as filed on the date of and after the entry.") (effective Jan. 1, 2009).

- 4 -

attend the trial "because she was following a court order mandating her to an inpatient treatment center." Appellant's Br. at 4. Second, appellant contends the circuit court failed to make factual findings required by Code § 16.1-283. Id. at 4-5. Finally, appellant claims she received "ineffective assistance of counsel" because her "attorney failed to ask for a continuance," "misstated material facts" to the court, and "advised [her] not to attend the hearing." Id. at 4-6.

## A. CONTINUANCE OF TRIAL DATE

Before addressing the continuance issue, we must first clarify the matters not now in dispute. Appellant concedes on appeal she knew the trial date. See Appellant's Br. at 9; Oral Argument Audio 2:40 to 2:42. She also admits she "would have been present" at the trial if she had "been aware that her absence would be interpreted as disregard for the court proceedings and resulted in a negative outcome." Appellant's Br. at 11; see also Oral Argument Audio at 4:09 to 4:19. She thought her counsel would "ask for a continuance" and the court would grant it upon learning she was in a drug rehabilitation program. See Oral Argument Audio 4:21 to 4:43. Even so, appellant concedes, nothing prevented her from attending trial. See Oral Argument Audio at 5:22 to 5:57.[5]

Framed by these concessions, appellant's arguments cannot succeed. She contends she failed to appear at trial because her counsel advised her not to appear. According to appellant, her counsel advised her that, in order to comply with the prior juvenile court order requiring her to complete a ninety-day drug treatment program, she should not leave the program, even for the purpose of appearing in court. To support her allegation, appellant includes in the appendix a copy of a handwritten letter she wrote to her counsel. Relying solely upon these allegations,

---

[5] For purposes of clarifying arguments asserted by appellants, we accept their factual concessions *arguendo* and take them into account in our legal analysis. See, e.g., Price v. Commonwealth, 51 Va. App. 443, 446 n.1, 658 S.E.2d 700, 701 n.1 (2008); Logan v. Commonwealth, 47 Va. App. 168, 172, 622 S.E.2d 771, 773 (2005) (*en banc*).

appellant asserts her counsel failed to make the promised continuance motion and failed to truthfully explain why she did not come to court.

We cannot accept appellant's arguments in the manner in which she presents them.[6] To begin with, the transcript of the hearing shows appellant's counsel *did request* a continuance. Both of the circuit court's orders expressly acknowledge the motion was made and denied. The record nowhere mentions or alludes to the alleged telephone conversation between appellant and her counsel. Nor was the handwritten letter presented to the circuit court or included within the circuit court record. See Oral Argument Audio at 4:44 to 5:16. See Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991) ("The burden is upon the appellant to provide us with a record which substantiates the claim of error." (citation omitted)).

We similarly cannot accept appellant's claim that her counsel misrepresented facts to the circuit court. Counsel said appellant was enrolled in an outpatient rehabilitation program and "could have been" present for trial. See Trial Tr. at 7. Nothing in the record refutes this statement or shows that appellant was actually enrolled in an inpatient program, as she now claims. Moreover, the inpatient/outpatient distinction makes little difference in light of appellant's concession on appeal that she could have left her inpatient program to attend the trial if she had been told it was necessary and had pre-arranged to have an escort accompany her to court. See Appellant's Br. at 11; Oral Argument Audio at 4:09 to 4:19, 5:22 to 5:57. Nothing in any prior order of the juvenile court or the circuit court forbade appellant's attendance at the circuit court trial. And, as noted earlier, appellant's allegation that counsel advised her *not to attend* the trial is unsupported by the record.

---

[6] This appeal does not involve, and thus we do not address, any assertion that the final order should be deemed void because of extrinsic fraud. See generally McCallum v. Salazar, 49 Va. App. 51, 57, 636 S.E.2d 486, 489 (2006).

In Virginia, the "decision to grant a motion for a continuance is within the sound discretion of the circuit court and must be considered in view of the circumstances unique to each case." Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007). Given appellant's concessions and the absence of any evidence in the record supporting her allegations against her counsel, it cannot be said that the trial court abused its discretion in denying the continuance motion.

For the same reason, we cannot conclude the continuance denial violated appellant's due process rights. Litigants are entitled to "notice reasonably calculated" to apprise them of the proceeding, an "opportunity to present their objections," and "a reasonable time for those interested to make their appearance" in court. Oak Hill Nursing Home, Inc. v. Back, 221 Va. 411, 417, 270 S.E.2d 723, 726 (1980) (quoting Mullane v. Cent. Hanover Trust Co., 339 U.S. 306, 314-15 (1950)). In this case, appellant had actual notice of the hearing but chose not to attend for reasons not apparent on the record. See Ungar v. Sarafite, 376 U.S. 575, 589 (1964) (holding the test for determining whether continuance denial violated due process considers "particularly . . . the reasons presented to the trial judge at the time the request is denied"). Under such circumstances, the trial court did not violate appellant's due process rights by proceeding in her absence.[7]

---

[7] Accord Boddie v. Connecticut, 401 U.S. 371, 378-79 (1971) (noting it is not a violation of due process to enter a civil judgment "against a defendant who, after adequate notice, fails to make a timely appearance"); Blinder, Robinson & Co. v. State Corp. Comm'n, 227 Va. 24, 28, 313 S.E.2d 652, 654 (1984) ("The failure to appear after due notice . . . may result in a waiver of the hearing required by due process and an entry of judgment by default." (citing Boddie, 401 U.S. at 378)); Fox v. Fox, 41 Va. App. 88, 95, 581 S.E.2d 904, 907-08 (2003) (holding no violation of party's due process rights where he had "ample notice and opportunity" to be heard, but "elected not to participate in the proceedings").

## B. FAILURE TO MAKE FINDINGS UNDER CODE § 16.1-283

Appellant argues the circuit court compounded its error by failing to make specific findings required by Code § 16.1-283. We disagree. Neither the petition filed in the juvenile court nor the petition separately filed in the circuit court invoked Code § 16.1-283, the statute authorizing the Department of Social Services to seek termination of parental rights, thus making possible the transition of a child from temporary foster care to permanent adoption. See generally Toms, 46 Va. App. at 266, 616 S.E.2d at 769.

Instead, both petitions were brought by a couple seeking to adopt the child without the birth mother's consent pursuant to Code §§ 63.2-1242.2 and 63.2-1203. The non-consensual adoption proceeding necessarily severs the natural parent's rights as a precondition to the adoption. See Margaret F. Brinig, Virginia Domestic Relations Handbook § 7-2, at 58 (3d ed. 1996 & Supp. 2002). Equally true, however, the factual findings necessary to severing those rights derive solely from Code § 63.2-1203 (incorporating Code § 63.2-1205) and the "detriment to the child" finding required by Todd v. Copeland, 55 Va. App. 773, 790, 689 S.E.2d 784, 792 (2010), appeal granted, No. 100929 (Va. Nov. 3, 2010). Having made the findings required by Code §§ 63.2-1203, 63.2-1205, and Todd, the circuit court did not err by failing to make additional findings under Code § 16.1-283.

## C. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, appellant argues she received ineffective assistance of counsel. We question whether this theory is cognizable in direct appeals of civil cases,[8] but need not resolve the issue

---

[8] "Just as ineffective assistance of counsel in a criminal case is not cognizable on direct appeal, similarly in a civil case, it is not an independent basis for error, nor standing alone does it meet the ends of justice requirements of Rule 5A:18." Rollins v. Alexandria Div. of Soc. Servs., No. 1426-03-4, 2004 Va. App. LEXIS 37, at *13 (Va. Ct. App. Jan. 28, 2004). But cf. Wright v. Alexandria Div. of Soc. Servs., 16 Va. App. 821, 825-26, 433 S.E.2d 500, 503 (1993) (implying in dicta a remedy might exist on direct appeal if the appellant had "provided this Court with

in this case. Appellant "contends that if counsel had requested a continuance . . . it would have been granted by the court, which would have given [her] an opportunity to show the court that her rehabilitative process was successful. [Appellant's] counsel was therefore ineffective and detrimental to [her] case." Appellant's Br. at 14. The record shows, however, counsel *did* make the continuance motion and the circuit court *denied* it.

Appellant also asserts her counsel made various factual misstatements to the circuit court and specifically advised appellant not to appear at the trial. As earlier noted, appellant goes beyond the record in her effort to prove these assertions. We cannot overturn a circuit court holding based upon allegations unsupported by the record.

## III.

Our review of this case on direct appeal must confine itself to the boundaries of the record. Appellate courts are neither institutionally competent nor statutorily authorized to resolve disputed factual allegations. Given these limitations, we hold the circuit court record does not support appellant's challenge to the final order of adoption.

Affirmed.

---

evidence or any basis on which we can determine that the mother did not receive effective assistance of counsel"); Susan Calkins, Ineffective Assistance of Counsel in Parental-Rights Termination Cases: The Challenge for Appellate Courts, 6 J. App. Prac. & Process 179, 207-09 (2004) (acknowledging that, while direct appeal may be the fastest method to bring an effective assistance of counsel claim, the evidence in the appeal record may be insufficient to judge the merits of the claim).