COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Athey, Ortiz and Senior Judge Clements

KENNETH R. FOX

MEMORANDUM OPINION*

v. Record No. 1380-22-4 PER CURIAM
MARCH 28, 2023

WENDY R. FOX

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Judith L. Wheat, Judge

(Kenneth R. Fox, on briefs), *pro se.*

(Michael A. Williams, on brief), for appellee.


Kenneth R. Fox (husband) appeals the trial court's judgment granting his motion "to remove

a previously filed motion" and imposing $1,828.40 in sanctions against him. After examining the

briefs and record in this case, the panel unanimously holds that oral argument is unnecessary

because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). The trial

court's judgment is affirmed.

BACKGROUND

On appeal, "we view the evidence in the light most favorable to the prevailing party,

granting it the benefit of any reasonable inferences." *Brandau v. Brandau*, 52 Va. App. 632, 635

(2008) (quoting *Smith v. Smith*, 43 Va. App. 279, 282 (2004)). "That principle requires us to

discard the evidence of the appellant which conflicts, either directly or inferentially, with the

evidence presented by the appellee at trial." *Id.* (quoting *Petry v. Petry*, 41 Va. App. 782, 786

(2003)).

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

A. Prior Litigation

This Court's records demonstrate that on February 2, 1996, husband filled a complaint for divorce from Wendy R. Fox (wife); wife filed a cross bill on February 21, 1996. *See Fox v. Fox*, 41 Va. App. 88, 91 (2003).[1] The trial court ordered husband to pay pendente lite child and spousal support and make mortgage and insurance payments on the marital home. *Id.* at 92. When husband failed to make the ordered payments or provide wife with any discovery materials, the trial court repeatedly ordered him to show cause why he should not be held in contempt. *Id.* Rather than comply with the trial court's orders, husband "failed to appear in the trial court on numerous occasions; refused to make any support payments; failed to provide any discovery and made affirmative efforts to secret assets and documents to thwart wife's efforts to identify marital assets." *Id.* In addition, husband did not appear for a deposition and "left the country to avoid the trial court's jurisdiction." *Id.* Accordingly, the trial court barred husband from presenting evidence or filing any motions until he personally appeared. *Id.*

The trial court entered a final divorce decree in April 1997, awarding wife sole custody of the parties' children, finding husband in contempt, and ordering him to pay a monetary award, child support, and arrearages for child and spousal support. *Id.* Husband appealed, alleging that the trial court denied him due process. *Fox. v. Fox*, No. 0721-97-4, slip op. at 1-9 (Va. Ct. App. Mar. 17, 1998). This Court affirmed the trial court's judgment in a memorandum opinion, finding that the non-participation sanction did not violate his due process rights. *Id.*, slip op. at 7. About a year and a half later, husband sought permission to file a motion to correct the child support arrearage and modify his ongoing support obligation. *Fox*, 41 Va. App. at 92. The trial court denied his motion

---

[1] We may take judicial notice of "the case records in the proceeding at bar," "prior proceedings in the same case," and our "records in other cases." *Barnes v. Barnes*, 64 Va. App. 22, 31 (2014) (first citing *Peterson v. Haynes*, 145 Va. 653, 658 (1926); then citing *Haynes v. Glenn*, 197 Va. 746, 752 (1956); and then citing *Harris v. Commonwealth*, 262 Va. 407, 413 (2001)).

until he appeared in court personally and posted a $25,000 bond. *Id.* at 93. Husband appealed, arguing that the court lacked authority to impose the non-participation sanction in post-trial proceedings. *Fox v. Fox*, No. 0669-99-4, slip op. at 3 (Va. Ct. App. Mar. 28, 2000). This Court again affirmed the trial court's judgment in a memorandum opinion, finding that given husband's "extreme conduct" and failure to "purge himself of contempt," the trial court had the authority to require husband to post the bond. *Id.*, slip op. at 3-4.

In September 2002, husband requested permission to file a motion in the trial court without either personally appearing or posting the requisite $25,000 bond. *Fox*, 41 Va. App. at 93. The trial court denied the request and sanctioned husband's counsel $2,500. *Id.* at 94. Husband again appealed, and this Court again affirmed the trial court's judgment, finding that under the law of the case, husband "must first satisfy the pre-conditions before" filing any motion. *Id.* at 96. This Court also upheld the sanctions award, finding that a court's "'ability to punish a litigant for noncompliance with its orders is "essential to the proper administration of the law, to enable courts to enforce their orders, judgments and decrees."'" *Id.* at 97 (quoting *Ange v. York/Poquoson DSS*, 37 Va. App. 615, 624 (2002)).

### B. Present Proceedings

On July 6, 2022, husband filed a motion asking the trial court to "set aside, cancel, vacate, quash or otherwise remove" the contempt orders and requirement that he post the bond. Husband did not post the bond or present himself to the court. Instead, he filed a notice setting a hearing for August 19, 2022, and requested permission to appear at the hearing "by videolink, remotely." On August 17, 2022, the trial court denied husband's request for a "virtual appearance." At 2:54 a.m. on August 19, 2022, husband moved "to remove the prior motion . . . from the docket."

After the August 19, 2022 hearing, the trial court entered an order finding that husband did not appear in court, post a $25,000 bond, or otherwise purge himself of contempt of court. The trial court also found that husband violated the court's non-participation sanction by filing a motion "not warranted by the existing law" and "for an improper purpose." In addition, the court found that husband's attempt to remove the motion "just hours before the hearing" was "improper and unfair to [wife], who ha[d] incurred substantial attorney's fees and costs." Finally, the court found that husband's "serial filings" were "vexatious, abusive and contrary to [its] prior orders." Accordingly, the trial court granted husband's motion to withdraw his "previously filed motion from the docket" and imposed $1,828.40 in sanctions on husband for wife's attorney fees and court costs.

On appeal, husband generally alleges that the trial court erred by not granting his motion to "set aside, vacate[] and cancel" the orders finding him in contempt, imposing the "non-participation sanction," and requiring the $25,000 participation bond. He also argues that the trial court erred by awarding wife attorney fees. Finally, he argues that "[i]t is now high time" to "dismiss" the divorce case with prejudice given "there is no possible reason for it . . . to stay open," as no "'normal' divorce issues remain to be adjudicated."

ANALYSIS[2]

A. Withdrawn Motion

"[A] party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory." *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (quoting *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009)). The doctrine "'applies both to assertions of fact and law'" and "'precludes litigants from "playing fast and loose" with the courts . . . depending on their perceived self-interests.'" *Id.* (quoting *Babcock & Wilcox v. Areva*, 292 Va. 165, 204 (2015)). Indeed, "[n]o litigant . . . will be permitted to approbate and reprobate—to invite error . . . and then take advantage of the situation created by his own wrong." *Powell v. Commonwealth*, 267 Va. 107, 144 (2004) (quoting *Fisher v. Commonwealth*, 236 Va. 403, 417 (1988)).

Husband generally challenges the trial court's refusal to grant his motion to "set aside, vacate[] and cancel" the contempt order, the "non-participation sanction," and the bond orders. The record demonstrates, however, that husband moved to withdraw his motion before the scheduled hearing. The trial court granted husband's withdrawal motion and, therefore, did not address the arguments husband now presents on appeal. Accordingly, having asked the trial court to withdraw his motion and obtained that relief, husband will not now be heard to complain that the trial court did not consider the substance of the withdrawn motion.

---

[2] Wife moves this Court to dismiss this appeal because husband did not file an appeal bond under Code § 8.01-676.1(A). On January 6, 2023, however, this Court entered an order waiving the appeal bond given husband's affidavit of indigence. *See* Code § 8.01-676.1(N) ("No person who is an indigent shall be required to post security for an appeal bond."). Wife also moves this Court to dismiss the appeal because husband did not file a timely transcript of the August 19, 2022 hearing. The failure to file a timely transcript, however, does not deprive this Court of jurisdiction over the appeal. *Browning v. Browning*, 68 Va. App. 19, 30 (2017) (holding that "the failure to timely file [a] transcript . . . [does] not deprive the Court of Appeals of its active jurisdiction to proceed to judgment" (quoting *Smith v. Commonwealth*, 16 Va. App. 630, 635 (1993))). Accordingly, wife's motion to dismiss is denied.

B. Sanctions

By signing a motion and filing it with the court, a *pro se* party certifies that

> (i) he has read the . . . motion . . . , (ii) to the best of his knowledge,
> information and belief, . . . it is well grounded in fact and is
> warranted by existing law or a good faith argument for the extension,
> modification, or reversal of existing law, and (iii) it is not interposed
> for any improper purpose, such as to harass or to cause unnecessary
> delay or needless increase in the cost of litigation.

Code § 8.01-271.1(B). If a motion is "made in violation of" Code § 8.01-271.1(B), the court "shall impose upon the person who signed the . . . motion . . . an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred . . . , including reasonable attorney fees." Code § 8.01-271.1(D). We review a sanctions award for abuse of discretion. *AV Automotive LLC v. Gebreyessus*, ___ Va. ___, ___ (Sept. 15, 2022).

Husband challenges the trial court's award of attorney fees to wife because he did not make any false statements and "has no money and no income other than social security-type income." He argues that under the "American rule," wife was responsible for her own attorney fees even if she was the prevailing party. He also argues that attorney fees were not permissible under Code § 8.01-271.1 because he did not file a "false" "writing" with the trial court.

An award of attorney fees as a sanction under Code § 8.01-271.1 "is not a typical attorneys' fees award case." *Northern Virginia Real Estate, Inc. v. Martins*, 283 Va. 86, 117 (2012). Instead, "[i]t is a sanctions case wherein the trial court has decided that a proper sanction would be based upon attorneys' fees incurred—a remedy expressly provided in the statute." *Id.* Moreover, the Supreme Court has recognized that Code § 8.01-271.1 permits not only the recovery of reasonable attorney fees and costs; but also provides for "punishment and deterrence." *Cardinal Holding Co. v. Deal*, 258 Va. 623, 632 (1999). Indeed, "[a] court's ability to punish a litigant for noncompliance with its orders is 'essential to the proper administration of the law, to enable courts to enforce their orders, judgments and decrees.'" *Fox*, 41 Va. App. at 97 (quoting *Ange*, 37 Va. App. at 624).

- 6 -

In this case, the non-participation sanction that the trial court imposed—and this Court repeatedly upheld—clearly required husband to satisfy two prerequisites before he filed any pleadings. He must: (1) personally appear and (2) post a $25,000 bond. The bond requirement was to ensure funds would be available for wife's attorney fees and costs, and to satisfy any sanctions awarded against husband if he filed further motions without complying with the court-ordered prerequisites. *Id.* Husband filed his July 6, 2022 motion in defiance of the non-participation sanction. Although he summarily concludes on brief that circumstances have "changed," and his motion was filed for "compelling humanitarian purposes," those allegations do not bar a finding that the motion was filed for an "improper purpose" under Code § 8.01-271.1(B)(iii). Accordingly, the trial court did not abuse its discretion by imposing sanctions, including attorney fees.

## C. Changed Circumstances

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "Rule 5A:18 requires a litigant to articulate an objection with specificity 'so that the trial judge . . . know[s] the *particular* point being made in time to do something about it.'" *Hicks v. Commonwealth*, 71 Va. App. 255, 266 (2019) (alterations in original) (quoting *Thomas v. Commonwealth*, 44 Va. App. 741, 750, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005)). Husband seeks to render the trial court's prior orders of no "force and effect" by arguing that the trial court should have dismissed the divorce case with prejudice given that "there is no possible reason for it . . . to stay open." Husband did not present that argument to the trial court, so we do not consider it here. Although there are exceptions to Rule 5A:18, husband does not invoke them, and this Court will not apply the exceptions sua sponte. *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (en banc).

- 7 -

D.  Attorney Fees on Appeal

Wife asks this Court to impose attorney fees against husband for this appeal.  She maintains that this appeal is "frivolous, not well grounded in fact, [and] not warranted by existing law."  She further contends that husband prosecuted the appeal for an "improper purpose" and has "needlessly increased the cost of this litigation."

Husband did not prevail on any issue he raised in this appeal, and all but one of the assignments of error are procedurally defaulted.  In general, his arguments are frivolous, misstate the law, misread statutes, and are unsupported by legal analysis and authority.  Thus, it is appropriate to award wife attorney fees associated with this appeal.  *See Northcutt v. Northcutt*, 39 Va. App. 192, 201 (2002).  Accordingly, we remand this case to the trial court to determine and order an award of reasonable attorney fees incurred defending this appeal, as well as any attorney fees incurred by wife on remand to determine such fees.  *See Miller v. Cox*, 44 Va. App. 674, 688 (2005).[3]

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed, and the case is remanded for further proceedings.[4]

*Affirmed and remanded.*

---

[3] Wife's motion for this Court to enjoin husband "from filing any further and future appeals in and to this Court arising out of litigation involving [her]" is denied.  In addition, husband's motion for sanctions against wife is denied.  Finally, wife's motion to restrict portions of the record is denied.

[4] Wife alleges that the trial court's final order contains a scrivener's error.  On remand, the trial court may correct any scrivener's error that appears in its final order under Code § 8.01-428(B).