COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Humphreys and Senior Judge Willis
Argued at Chesapeake, Virginia


ALAN K. BANKS

                                                MEMORANDUM OPINION[*] BY
v.      Record No. 2698-06-1                    JUDGE JERE M.H. WILLIS, JR.
                                                    OCTOBER 23, 2007

VALERIE BROWN


              FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                          Timothy S. Fisher, Judge

              Douglas E. Miller (Patten, Wornom, Hatten & Diamonstein, L.C.,
              on briefs), for appellant.

              Alex T. Mayo, Jr. (E. Thomas Cox; Faggert & Frieden, P.C.,
              on brief), for appellee.


        On appeal from the denial of his request for a reduction of his spousal support obligation to

his former wife, Valerie Brown, Alan K. Banks contends the trial court erred:  (1) in failing to find a

material change in circumstances requiring the imputation of income to Ms. Brown; (2) in failing to

reduce the spousal support award on the basis of such an imputation; (3) in failing to reduce the

spousal support award because Ms. Brown's expenses had declined since the original award; and

(4) in awarding Ms. Brown attorneys' fees.  Ms. Brown requests attorneys' fees and costs associated

with this appeal.  We affirm the trial court's judgment, award Ms. Brown her attorneys' fees and

costs incurred in this appeal, and remand the case to the trial court to determine and order the

satisfaction of that award.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Background

Dr. Banks and Ms. Brown were married for over fifteen years. They separated in 1997 and were divorced by final decree entered on March 23, 2000. They have two children. At the time of the hearing appealed from, held September 8, 2006, their son, having attained his majority, was emancipated and was attending college. Their daughter was seventeen years old and resided with Ms. Brown.

The evidence presented at the September 8, 2006 hearing disclosed that, at that time, Dr. Banks's monthly income was about $50,000. In 2005, he earned over $663,000. Ms. Brown was not employed outside of the home. From 1985 to 2001, she had worked approximately six months. The final divorce decree imputed no earned income to her and awarded her $12,000 per month in spousal support.

Dr. Banks contended the trial court should reduce the spousal support award for the following reasons: (1) their son was emancipated; (2) their children had adjusted to the divorce such that it was no longer necessary for Ms. Brown to forego employment to stay at home with them; (3) Ms. Brown had an increased earning capacity; and (4) he had support obligations for other children. He did not contest his ability to pay the existing spousal support award. However, he asserted that Ms. Brown's claimed expenses included outlays for the children that were not properly part of her spousal support award. He presented evidence from a vocational evaluator and rehabilitation counselor who opined that Ms. Brown could earn about $30,000 per year.

The trial court held that Dr. Banks had failed to prove a material change in circumstances and "to the extent such 'change of circumstances' may be found, . . . it was not material to justify a modification in spousal support being paid." Upon the parties' agreement, the trial court ordered a reduction in child support based on the son's emancipation. It awarded Ms. Brown over $6,000 in attorneys' fees.

<u>Analysis</u>

On appeal, we view the evidence and all reasonable inferences in the light most favorable to Ms. Brown as the party prevailing below. See <u>McGuire v. McGuire</u>, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990). "'The determination whether a spouse is entitled to [a reduction or increase in spousal] support, and if so how much, is a matter within the discretion of the [trial] court and will not be disturbed on appeal unless it is clear that some injustice has been done.'" <u>Asgari v. Asgari</u>, 33 Va. App. 393, 404, 533 S.E.2d 643, 649 (2000) (quoting <u>Dukelow v. Dukelow</u>, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986)).

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." <u>Pommerenke v. Pommerenke</u>, 7 Va. App. 241, 244, 372 S.E.2d 630, 631 (1988). "'In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of witnesses.'" <u>Moreno v. Moreno</u>, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997) (quoting <u>Wagner Enters., Inc. v. Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991)).

"Upon petition of either party, a court may . . . [modify] . . . spousal support . . . as the circumstances may make proper." Code § 20-109. "The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." <u>Schoenwetter v. Schoenwetter</u>, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). The material change in circumstances "must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay." <u>Hollowell v. Hollowell</u>, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988). "The 'circumstances' which make 'proper' an increase, reduction or cessation of spousal support under Code § 20-109 are financial and economic ones." <u>Id.</u> at 419, 369 S.E.2d at 452-53.

Dr. Banks's proof fails to meet the first prong of this test. Given the facts of this case, we cannot say the trial court was plainly wrong in finding no modification appropriate. It showed no decrease in his ability to make his support payments and proved no new factors impacting Ms. Brown's earning ability. While Dr. Banks introduced expert testimony that Ms. Brown had an increased earning capacity, the trial court found this assessment speculative and unconvincing, a finding that was within the trial court's purview. "[A] trial court is not required to accept the opinion of an expert. 'It is well established that the trier of fact ascertains [an expert] witness' credibility, determines the weight to be given to [his] testimony, and has the discretion to accept or reject any of the witness' testimony.'" Piatt v. Piatt, 27 Va. App. 426, 434, 499 S.E.2d 567, 571 (1998) (quoting Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*)).

Whether to impute income lies within the sound discretion of the trial court and will not be overturned unless "plainly wrong or unsupported by evidence." Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 784 (1999). The evidence reflected no enhancement in Ms. Brown's employability since the entry of the divorce decree. Rather, since then, she has been out of the workforce for an even longer period of time, likely making it more difficult for her to find employment.

The trial court construed the final divorce decree to hold that Ms. Brown was not required to seek employment. The decree was endorsed by both parties and their counsel, "We ask for this." Thus, the decree set forth not only the court's ruling, but the parties' agreement that Ms. Brown's non-employment, the non-imputation of income to her, and the amount of her spousal support award were proper. This, plus Ms. Brown's negligible employment during the marriage, Dr. Banks's financial sufficiency, and the award of the divorce to her on the ground of his desertion support the trial court's construction of the decree.

Dr. Banks asserted before the trial court that Ms. Brown had improperly included in her claimed need for spousal support her expenditures in support of their emancipated son now attending college. Noting that Dr. Banks claimed as expenses his outlays in support of his current wife's son, for whom he owes no legal duty of support, the trial court held that Ms. Brown's continued support of their son was reasonable. It found that her expenses had not changed since 2000, whereas Dr. Banks's income had increased. It noted that Ms. Brown continues to provide a home, supervision, and support for the parties' daughter and that Dr. Banks's obligation to maintain Ms. Brown in the manner to which she was accustomed during the marriage continues. These holdings are supported by the evidence and are reasonable.

The trial court considered the evidence and the relevant statutory factors in finding no material change of circumstances warranting a modification in support, and it explained in detail its reasons for doing so. Credible evidence supports that decision.

Dr. Banks contends the trial court erred in awarding Ms. Brown attorneys' fees. Whether to award attorney's fees "'is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.'" Kane v. Szymczak, 41 Va. App. 365, 375, 585 S.E.2d 349, 354 (2003) (quoting Northcutt v. Northcutt, 39 Va. App. 192, 199-200, 571 S.E.2d 912, 916 (2002)). "[T]he key to a proper award of counsel fees [is] . . . reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

Ms. Brown prevailed before the trial court, and we uphold that decision on appeal. She incurred substantial attorneys' fees. She presented bills to the trial court to support her request for reimbursement of those fees and costs. We perceive no abuse of discretion in the trial court's award, which is supported by the record.

We hold that Ms. Brown is entitled to reimbursement for her reasonable attorneys' fees and costs in connection with this appeal, and remand the case to the trial court to determine and order that amount.  See Courembis v. Courembis, 43 Va. App. 18, 33, 595 S.E.2d 505, 516 (2004) (citing O'Loughlin v. O'Loughlin, 23 Va. App. 690, 694, 479 S.E.2d 98, 100 (1996)).

Accordingly, we affirm the judgment of the trial court and remand to the trial court to make an appropriate award of attorneys' fees and costs incurred by Ms. Brown in this appeal.

Affirmed and remanded.

Elder, J., concurring in part, and concurring in the judgment.

The majority concludes the trial court, in its 2006 order and opinion letter, "construed the final divorce decree [entered in 2000] to hold that Ms. Brown was not required to seek employment." The majority relies upon this construction of the decree in affirming the court's refusal to alter the award of spousal support. I would hold such a construction was erroneous if made, but I do not believe the trial court's opinion compels the conclusion that it construed the final decree in this fashion. Further, I believe the evidence in the record, viewed in the light most favorable to Ms. Brown, supports the trial court's conclusion that, "to the extent . . . any 'change in circumstances' has been demonstrated[,] there was no 'material' change in circumstances justifying a modification of spousal support."

Undisputed evidence established that circumstances had changed since the original award of spousal support. At the time of the award, the parties' children were both under twelve years old and were in therapy to help them adjust to the changes they were facing. The award was based on the report of a commissioner in chancery, which expressly stated, *inter alia*, "in consideration of the difficulty the children have had in adjusting to the separation and marital problems of their parents and further having an adjustment to make to a new community in moving [from Virginia] to Florida, it is not appropriate to expect wife to return to the work place on a full time basis." At the time of Dr. Banks's request for a reduction in spousal support, by contrast, the parties' older child was emancipated, and the younger child was a successful, seventeen-year-old student who was largely capable of supervising herself, thereby freeing Ms. Brown to engage in at least part-time employment. Nevertheless, evidence was presented that wife continued to maintain a home for the minor child and assisted with the child's time-consuming, extra-curricular equestrian activities. Further, the trial court, as the finder of fact, was entitled to reject the evidence of Dr. Banks's vocational expert regarding the

- 7 -

employability and earning capacity of Ms. Brown, who, although college-educated, had been a flight attendant early in the marriage and had worked a total of only about six months during the previous twenty years. The trial court stated "[t]here was no evidence presented that the wife's 'earning capacity' has changed at all since the entry of the final decree on March 23, 2000." This statement, viewed in the light most favorable to Ms. Brown, constitutes a finding that the trial court did not consider Dr. Banks's vocational testimony credible evidence of Ms. Brown's earning capacity.

The trial court also observed that when the final decree was entered, "no income was imputed to the wife and there was an indication there was no expectation for the wife to work outside of the home." This observation apparently was based on a statement by the commissioner, incorporated into the final decree entered in 2000, that "had [Dr. Banks] not deserted the marriage, there would have been no expectation for [Ms. Brown] to work." The record also indicates that Dr. Banks endorsed the final decree, "We ask for this." The majority interprets these events as "the parties' agreement that Ms. Brown's non-employment, the non-imputation of income to her, and the amount of her spousal support award were proper." The majority also concludes that this agreement, combined with "Ms. Brown's negligible employment during the marriage, Dr. Banks's financial sufficiency, and the award of the divorce to [Ms. Brown] on the ground of [Dr. Banks's] desertion[,] support the trial court's" determination that Ms. Brown "was not required to seek employment."

I do not believe the trial court's statement in its 2006 opinion letter indicates it "construed the final divorce decree to hold that Ms. Brown was not required to seek employment." Instead, I believe it may be construed merely as a statement of the conditions existing at the time of entry of the final decree. The trial court could properly consider those conditions in determining

whether a change in circumstances had occurred that was material to the issue of spousal support and warranted the requested reduction.

In addition, I expressly disagree with the majority's conclusion that such a finding, if one had been made, would support the trial court's refusal to modify spousal support. The trial court's factual finding in the final decree that Ms. Brown would not have been *expected* to work if "[h]usband had not deserted the marriage" does not translate into the legal conclusion that Ms. Brown is not *required* to work because he did, in fact, desert the marriage. Thus, whether or not Dr. Banks registered a timely objection to that factual finding, Ms. Brown had a legal duty "to earn as much as . . . she reasonably can to decrease the amount of support needed." Srinivasan v. Srinivasan, 10 Va. App. 728, 734, 396 S.E.2d 675, 679 (1990) (citing Baytop v. Baytop, 199 Va. 388, 394, 100 S.E.2d 14, 19 (1957)). As the Virginia Supreme Court has noted repeatedly, a former wife "'ha[s] no right to remain idle at the expense of her former husband, and . . . it is her duty to minimize his loss, *albeit it was through his fault that she was compelled to ask that the contract of marriage be rescinded.*'" Baytop, 199 Va. at 388, 100 S.E.2d at 19 (quoting Barnard v. Barnard, 132 Va. 155, 164, 111 S.E. 227, 230 (1922)) (emphasis added). Dr. Banks's endorsement of the consent decree without objections, but after the overruling of his exceptions to the commissioner's report, can be construed, *at most*, to constitute his agreement that the award of spousal support was proper based on circumstances existing *at the time of entry of the decree*.[1]

---

[1] Dr. Banks's desertion of the marriage relates, at most, to the decision whether to award spousal support and not to the question of how much support is appropriate. See Code § 20-107.1(E) (providing that "in determining whether to award support and maintenance for a spouse," the court "shall consider the circumstances and factors which contributed to the dissolution of the marriage, specifically including [desertion]," and that "[i]n determining the nature, amount and duration of an award pursuant to this section, the court shall consider" numerous other listed factors, which list does not specifically mention "the circumstances and factors which contributed to the dissolution of the marriage"); see also Gamble v. Gamble, 14 Va. App. 558, 574-77, 421 S.E.2d 635, 644-47 (1992) (considering husband's "adultery and

For these reasons, I concur in the judgment affirming the trial court's ruling, and I join in the majority's rulings on the issue of attorneys' fees and costs.

---

desertion" and wife's "blamelessness" in making "threshold determination pursuant to Code § 20-107.1 that [wife] is entitled to a spousal support award" but not mentioning grounds for divorce in determining *amount* of support award).